SAMUEL KOOCKOGEY, plaintiff in error, vs. the adm'rs of ABNER H. FLEWELLEN, deceased, defendants in error.

When the bill itself shows upon its face that the only rights to which the complainant is entitled, can be just as well provided for and protected at law as in equity, the bill will no longer be retained.

In Equity, from Muscogee. Decision on demurrer by Judge WORRILL, May Term, 1856.

Lewis J. Davis brought suit against Abner H. Flewellen, administrator of Nathaniel H. Harris, deceased, on a demand due and owing to him by Harris, and to which Samuel Koockogey was surety.

The administrator pleaded *plene administravit pactu*, whereupon the jury found "for the plaintiff the sum of $1383 37, with interest and cost to be recovered out of the assets, admitted by the plea of defendant to be in the hands of the administrator," upon which verdict judgment was entered and

signed 25th June, 1843. Principal, $1383 37 ; interest, $276 60,

Afterwards, and before the payment of this judgment, Flewellen died, and Koockogey, to whom the judgment had been assigned, brought an action of debt against the administrators of Flewellen, suggesting a devastavit.

This bill is filed by Flewellen's administrators to enjoin said suit, and for directions, and sets out that their intestate, as administrator of Harris, failed to collect and realize the assets in his hands, and contained in his said plea, and calls in all the creditors of Harris to litigate and interplead.

To this bill Koockogey demurred on the grounds,

1. Because complainants have not made in their bill any such case as entitles them to the relief prayed.

2. Because there is no equity in the bill.

3. Because there is no community of interest or privity between the defendants to said bill.

4. Because said bill is filed against defendants for distinct and independent matters, in many of which Koockogey has no interest or concern, and the adjudication of which will be tedious, expensive and prolix.

The Court overruled the demurrer and counsel for Koockogey excepted.

JONES & JONES, for plaintiff in error.

HINES HOLT, contra.

*By the Court.*—LUMPKIN, J. delivering the opinion.

It is not true, as the record shows, that the recovery in favor of Lewis J. Davis against Flewellen, as the administrator of N. H. Harris, is a judgment *quando.* Flewellen admitted by his plea to the action that he had certain debts of the intestate in his hands; and the verdict of the jury and the judgment of the Court were, that the demands due Davis should

be satisfied out of these assets, which are specifically set forth in the judgment.

When this case was up before, (5 *Ga. Rep.* 274) this Court said, " It is the duty of the administrator when sued, so to plead as to protect all the creditors, of whose debts he had notice, in their rights according to the dignity of their debts as established by law, and if he fail so to do he becomes personally responsible. He is cognizant of the assets in his hands. It is his duty, and also his interest to exhibit the assets, his actings and doings in the administration, the debts due, their dignity, &c., and cause a judgment to be entered which will protect all parties in interest, and himself, also. And if this cannot be done at law, he has the right to invoke the aid of a Court of Chancery. If therefore, there were demands against him of which he had notice, of equal dignity and greater amount than the value of the assets in his hands at the time of the rendition of the judgment, and he failed to plead them, so as to protect himself, he is individually chargeable; and equity will not disturb the *relation* which the law has established between himself and the judgment creditor."

Thus it will be seen that by the judgment of this Court there was no equity in favor of Flewellen as to those debts, which were known to him at the time judgment was rendered in favor of Davis.

But one H. M. Smith had sold a tract of land to N. H. Harris in his lifetime, giving Harris his bond for title; Harris paying about one half the purchase money. Harris sold the land with covenant of warranty to one Noah Laney, with the knowledge of Smith. For the residue of the purchase money due by Harris to Smith, Harris, by agreement with Smith, took up Smith's note to one Hays, substituting his own in lieu thereof, with Smith as security, and at the same time there was a verbal understanding between Smith and Harris that if Smith had the note to pay, that the balance of the original debt upon the land should be considered still due to

Smith. Smith paid the note to Hays, and then brought eject-ment in Alabama and recovered the land of the heirs of La-ney.

Upon this state of facts, we held that the substitu ion of Harris' note for Smith's to Hays was, in law and in equity, a payment of the amount of the purchase money due by Harris to Smith for the land; and extinguished all claims on account of the land, against the administrator of Harris, growing out of the original contract of sale; and that Smith was a suretyship creditor only, and as such subrogated to all the rights of Hays in the distribution of the assets ; and that he was entitled to be let into a *pro rata* participation as a note creditor of the fund in hand. This claim of Smith's however, to be off-setted with the money paid to him by Har-ris on the land, and which he, Smith, was bound to refund. And further, that the Laney claim against the estate of Har-ris, on account of the breach of warranty, was good and must be allowed.

I will add right here, that Flewellen was notified of the pendency of this suit, and he was excused from interferring because his letters of administration did not reach into a for-eign jurisdiction. Smith, however, ought never to have re-covered this land. The facts already recited show not only that he was cognizant of the sale by Harris to Laney, but that he had been fully paid by Harris for the land. Let this how-ever, pass.

Now the supplemental bill charges that the Laneys have never been evicted by Smith, but that they are still in the possession and enjoyment of the land. And that Smith (act-ing upon the suggestion of this Court, we suppose,) had exe-cuted and tendered a deed to the Laneys for the land, a copy of which is appended to the bill. If this be so, the Laneys have no claim for damages against the estate of Harris. Their title is complete, and Smith is the only creditor whose debt is to be provided for in the distribution of the assets; and this can be just as well done at law as in equity. And this

being so, there is no equity in the bill as against Koockogey, the assignee of Davis.

To give full protection to the Laneys, Smith, before he is let in, should be required to file in the Clerk's office, a deed to the Laneys for the land, and also a release to the judgment in ejectment in Alabama; and all benefits resulting to him therefrom.    Should he neglect or refuse forthwith to do this, then he should be remitted to the *status* which he occupied under the former decision of this Court in this case: and the heirs of Laney will then come in for the purchase money, with interest thereon, paid by Noah Laney to Harris, for the land.    A judgment on one of the land notes for $300, and a note of $600 are still due the estate of Harris by the Laneys. The amount of these demands should of course be set-off against the claim for damages due the Laneys.

In any event, whether Smith or the Laneys be the creditor, the matter can just as well be adjusted by plea to Koockogey's suit, as in equity.    The rights and liabilities of all other parties to the bill are to be regulated by the law, as settled by this Court in its former judgment in this case.

Of course, if any of the assets, out of which Davis' judgment was to be paid, have been lost or rendered unavailable, without fault on the part of Flewellen, his estate, or that of Harris, should be relieved from liability to that extent.

Judgment reversed.