24964. FRED LOTHRIDGE COMPANY et al. v. MERCER.

SUBMITTED DECEMBER 10, 1968—DECEMBER JANUARY 9, 1969.

*Telford, Wayne & Stewart, W. Woodrow Stewart,* for appellants.

*Lavender & Cunningham, Woodrow W. Lavender, Fred Cunningham,* for appellee.

DUCKWORTH, Chief Justice. Since the question of jurisdiction has not been ruled upon, we must, without intimating any ruling upon that question, confine our decision to the single question presented by this appeal, which is: Was it error in light of the pleaded facts and the law to grant the interlocutory injunction which forbids the State Highway Department from paying over to the contractor the funds retained by it?

At the very threshold we are confronted with the law, *Code Ann.* § 23-1705 (Ga. L. 1956, p. 340) which required the State Highway Department to require the contractor to give a performance and payment bond; and *Code Ann.* § 23-1704 (Ga. L. 1939, p. 193) making the validity of the contract dependent upon giving such bond. The petition affirmatively shows that such a bond was given in the amount of $7,161,531.90. *Code Ann.* § 23-1708 (Ga. L. 1956, pp. 340, 343) authorizes this subcontractor to sue on that bond. There is not a scintilla of evidence of insolvency. Thus it is plain that an adequate and complete remedy at law is afforded this petitioner. It is also obvious that the contractor should not be deprived of any funds held by the State Highway Department, and it justly complains of the injunction thus depriving it.

This is a typical case for applying the rule that equity will not grant relief where there is an adequate remedy at law. *Koockogey v. Flewellen,* 24 Ga. 608; *Barnes v. Hartwell,* 66 Ga. 754; *Everett v. Tabor,* 119 Ga. 128 (46 SE 72).

Counsel for appellee states that this is a simple case arising out of a contract. It is that, and nothing more. From all that appears on the face of the petition a judgment on the bond would be a complete remedy for the petitioner.

It follows that since there is a complete and adequate remedy at law, it was error to grant the injunction.

*Judgment reversed. All the Justices concur.*