BEDFORD S. WORRILL, et al., executors, plaintiffs in error, vs. HENRY L. TAYLOR, administrators, defendant in error.

Wm. Taylor gave to Philip F. Sapp, a receipt in the following words: " Received of Philip F. Sapp, administrator of Milledge Sapp, deceased, the following promissory notes for collection," (stating them)—"payable to Mil-

ledge Sapp, or bearer. The executors of *Philip F.* Sapp sued the adminis-
trator of Taylor, on this receipt. There was evidence sufficient to author-
ize the jury to conclude, that this contract of collection, was made with
Philip F. Sapp in his *individual*, and *not in his official* character. The Court
granted a nonsuit. *Held,* that the Court ought not to have done so.

Assumpsit, in Randolph Superior Court. Decision by
Judge KIDDOO, at November Term, 1858.

This was an action of assumpsit, by William West and
Bedford S. Worrill, executors of Philip F. Sapp, deceased,
against Henry L. Taylor, administrator *de bonis non* of Wil-
liam Taylor, deceased, upon a receipt given by William Tay-
lor in his life, who was an attorney at law, for certain notes
received by him for collection, from the testator, Philip F.
Sapp. The receipt was as follows:

"Received from Philip F. Sapp, administrator of Milledge
Sapp, deceased, the following promissory notes, for collection,"
(here the notes are described, amounting in all, to over
$1,300). "All the above and foregoing notes made payable
to Milledge Sapp, or bearer, March 15th, 1848.

(Signed)　　　　　　WILLIAM TAYLOR,
　　　　　　　　　　　　　Attorney at law."

There were two counts in plaintiff's declaration—one that
Taylor received said notes, as an attorney at law, to be col-
lected, in consideration of a certain fee or reward to be paid
to him; that he had collected the same, and had failed to
pay over the same. The other count was, that Taylor had
failed to collect said notes, as he had undertaken to do, &c.

Defendant pleaded the general issue, the statute of limita-
tions, *plene administravit,* and set off.

Upon the trial, plaintiffs offered and read in evidence, the
foregoing receipt.

Plaintiffs then proved that their testator agreed to loan
William Taylor one thousand dollars, of the money to be
collected on the notes mentioned in said receipt; and that
Taylor had collected between $800 and $1,000, and that all

the notes were good, and could have been collected with ordinary diligence. Philip F. Sapp, the testator, died in August, 1852, and William Taylor died in December, 1852.

Upon plaintiffs closing their testimony, counsel for defendant moved for a nonsuit, on the ground that the pleadings and evidence showed that no right of action was in plaintiffs, but that the administrator *de bonis non*, of Milledge Sapp, deceased, was alone entitled to bring suit upon the demand or cause of action, as set forth in the declaration.

Plaintiffs moved to amend their declaration, by striking out the word " as" wherever it occurred before the words "administrator of Milledge Sapp, deceased."

The Court refused the motion to amend the declaration, and granted the motion for a nonsuit; holding, however, that the amendment proposed by plaintiffs would not have changed the opinion of the Court, as to awarding the nonsuit. To which ruling and decision, plaintiffs excepted.

B. S. WORRILL, for plaintiff in error.

BARRY; and BEALL, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Ought the Court to have granted the nonsuit?

It is clear, that the Court ought not, if the evidence was such, that it would have authorized the jury, to conclude, that Philip F. Sapp, in the contract between him and Wm. Taylor, for the collection of the notes, acted in his individual, and not in his official character; and if the declaration states that he so acted. What then says the evidence? The receipt is in such terms, that it will bear either interpretation. And this being so, Mr. Beall admits it to have been at the option of the plaintiffs, which interpretation it should receive. But he insists that they have elected in their declaration, to treat it as a receipt made by Taylor to Sapp, in Sapp's representative or official character. As to that presently.

Such is the receipt:

The further evidence is, that at the very time, probably, when the receipt was given, it was agreed, between Taylor and Sapp, that Taylor was to have, as a loan, $1,000, of the money to be collected by him on the notes.

This is a fact which was quite sufficient to have warranted the jury in coming to the conclusion, that the contract of collection was one in which, Sapp acted in his individual, and not, in his official, character.

. Does the declaration correspond, in this respect, with the evidence?

The declaration is not consistent, on this point. Sometimes it treats the contract as having been made with Sapp in his representative character; and sometimes, as having been made with him, in his individual character. The plaintiffs moved to amend it, so as make it treat the contract at all times, as an individual contract. And this motion, we think, was allowable under the Act of 1854, to amend pleadings, and, should have been granted—that Act will certainly authorize the correction of an ambiguity.

If then the declaration had been amended, the evidence was such, that, in our opinion, it would have authorized the jury to find for the plaintiffs.

Consequently, we think that the Court erred in granting the nonsuit.

Judgment reversed.

McDONALD, J. absent, on account of sickness.