MARTIN, administrator, *vs.* FOLEY.

1. The evidence sustains the verdict.
2. The main question in the case being, whether a certain deed was illegally procured, and it being unnecessary to take any account if the deed were valid, it was right to refuse to refer the case to an auditor and to require the jury to try that issue.
(a) By §§3597, 4202 of the code, it is within the discretion of the judge, in an equity cause, as to whether he will refer it to an auditor or not.

April 8, 1889

New trial. Verdict. Auditors. Practice. Before Judge ADAMS. Chatham superior court. June term, 1888.

Reported in the decision.

JAMES ATKINS and J. G. & D. H. CLARK, for plaintiff.

J. R. SAUSSY, for defendant.

SIMMONS, Justice.

Owen Foley died in the year 1855, testate, leaving a large estate which he directed in his will should be equally divided between his wife, and his two children, Catherine and Francis O. Foley. Two executors were named in the will, who qualified, and in 1873 either resigned or were discharged. Honoria Foley, the widow, was appointed administratrix with the will annexed, and took charge of the property. After the son, Francis O., attained his majority, he sold his interest in the estate to his mother and sister. Several years subsequent to that sale, he died, leaving a widow and one child. This widow intermarried with one Martin, who took out letters of administration on the estate of Francis O. Foley, and as such administrator, filed this bill against Honoria Foley, the mother of his intestate, for an accounting and settlement of said estate, and to set aside the deed made by Francis O. Foley to his mother and sister, on the grounds of fraud in the procurement of the same, undue influence exercised over the mind of the son and brother by the mother and sister, and gross inadequacy of consideration. On the trial of the case, the jury found against the complainant in the bill, and he moved for a new trial on many grounds; which motion was refused by the court, and he excepted.

While there are many grounds in this motion for a new trial, counsel for plaintiff in error only insisted upon two of these grounds before us, either in his brief or in his oral argument to the court, for a reversal of the judgment of the court below. It is therefore unnecessary for us to notice the other grounds taken in the motion, further than to say that the plaintiff in error has not shown to us the errors complained of therein. The grounds insisted on here are, (1) that the jury found contrary to the evidence, in answering special questions

submitted to them by the judge on the trial of the case; and (2) that the court erred in refusing to refer this case to an auditor, on the application of complainant prior to the beginning of the trial before the jury. The jury were required by the court to find the special facts in the case, in answer to certain interrogatories propounded to them by the court, and they found the following facts:

"Francis O. Foley, the complainant's intestate, did sell and convey his interest in his father's estate devised to him in his father's will, to the defendant his mother, and his sister Catherine Foley, on the sixteenth day of September, 1873; that there was no fraud or concealment or misrepresentation of any material facts made wilfully or recklessly to deceive, or without knowledge by defendant or Catherine Foley, to said F. O. Foley, in making said contract of sale; that there was no suppression of any fact material to be known, which the defendant was under an obligation as administratix or parent to communicate to Francis O. Foley, in reference to the property in question; that the defendant, as the mother of Francis O. Foley, or Catherine Foley as his sister, did not exercise a controlling influence over the will, conduct and interest of Francis O. Foley, in procuring any sale to be made by him to her of his interest in his father's estate; that the deed was made by Francis O. Foley to his mother, the defendant, and his sister, freely, voluntarily and without the slightest persuasion or influence towards this object by them; that the deed was made upon a fair and adequate consideration, joined with an equality of mental ability, and that the consideration named in said deed was paid; that Francis O. Foley was acquainted with the nature, value and profits arising from the estate of his father, or had full and ample opportunity to inform himself of the

same; that the estate of Owen Foley was distributed to the parties entitled thereto in the lifetime of Francis O. Foley, to wit, on the 15th of March, 1877; that at the time of making the deed to his mother (the defendant) and his sister, Francis O. Foley was in a fit condition to manage his own business and to make a contract disposing of his own interest in said estate to his own advantage."

1. We have examined the evidence in this record, and find sufficient testimony therein to authorize the finding of the jury. The able and impartial judge who presided at this trial was satisfied with their finding, and we will not disturb it.

2. Prior to entering into the trial, it appears that the complainant asked that the case be referred to an auditor to take the account between the complainant and Honoria Foley; which was refused by the court. We do not think that the court erred in refusing to send this case to an auditor. It is the duty of the court, when an auditor or master in chancery is demanded by one side or the other, to examine the pleadings in the case and determine whether it would be to the interest of the litigants and the court for the reference to be made. In this case, we suppose that the judge examined the pleadings and ascertained that the main and important issue was, whether this deed from the son to the mother and sister was procured as alleged in the bill. This was a controlling point in the case. If the deed was valid, it was unnecessary to take any account; because the mother was not indebted to her son's estate in any manner; and the verdict in the case shows the wisdom of the judge's refusal to refer the case to a master or auditor. It would have been perfectly useless to have taken the account between these parties, causing expense and consumption of time, when the finding of the

auditor or master would have been worthless if the deed was a valid one. The court did right, therefore, in refusing the reference and requiring the jury to try the main issue in the case, as to fraud and undue influence in procuring the deed. These two questions it was peculiarly within the province of the jury to pass upon. No auditor or master is as well-qualified to pass on questions of fraud or undue influence as a jury of twelve men. Besides, by sections 3097 and 4202 of the code, it is within the discretion of the judge in an equity case to refer a case to an auditor or not.

Judgment affirmed.