## EVERETT *v.* TABOR *et al.*

1. A complainant seeking extraordinary equitable relief must make a case which does not rest upon doubtful or disputed principles of law; for an injunction will not usually be granted where his right thereto is not clear.

2. In all cases the complainant must establish the existence of the fraud or fact on which his right to interlocutory relief is based, and show the necessity for injunction in order to preserve rights or to prevent irreparable injury.

3. A denial by the defendant of the facts set up in the equitable petition, or a conflict in the evidence, does not necessarily require a refusal of interlocutory relief.

4. There should be a balance of conveniences in such cases, and a consideration whether greater harm might be done by refusing than by granting the injunction.

5. Where the evidence is conflicting, and it appears that the injunction if granted would not operate oppressively to the defendant, but that if denied the complainant would be practically remediless in case he should thereafter establish the truth of his contentions, it would be strong reason why the chancellor should exercise his discretion so as to preserve rights by preserving the status.

6. Equity will not only relieve against a judgment obtained by fraud, but against one which has been properly rendered where the losing party has a meritorious defense and is prevented by the fraud of the other from entering an appeal or making a motion for a new trial.

7. Where the evidence is conflicting and the defendant is solvent, and there is nothing to show that the complainant will suffer irreparable damage by reason of the refusal to grant the injunction, this court will not interfere with the chancellor's discretion in denying the same.

Argued November 4 — Decided December 8, 1903.

Petition for injunction.　Before Judge Gober.　Gilmer superior court.　July 13, 1903.

In his equitable petition Everett alleged that Tabor had sued him in a justice's court; that he had a meritorious defense, which could only be established by the introduction of a mortgage; that, having failed to give a proper notice to produce, he was unable to make out his defense, and confessed judgment, intending to appeal; that he had the appeal papers and bond duly prepared, and, within the time allowed by law, presented them to the justice, at the same time tendering the cost; that the justice notified him that Tabor had paid the cost and withdrawn the case; that the

justice had by Tabor's direction made the following entry on the docket: " T. H. Tabor withdraws suit and pays costs of suit to superior court ; " that the justice thereupon told Everett that the latter could do nothing more until Tabor commenced his suit in the superior court; that, relying on this statement, Everett took no further action ; that later, within the time allowed for entering the appeal, Tabor or his attorney gave similar information to Everett's attorney ; and that several months thereafter Tabor caused an execution to issue on the judgment previously rendered, and had a levy made.    It appears that thereupon Everett filed an affidavit of illegality on the ground that " there is no legal judgment in said court as a foundation for issuing said fi. fa. ; nor was there any judgment at the time of issuing the same."    This affidavit was dismissed, and another of like character subsequently filed, which was in turn dismissed, and this petition filed, in which it was prayed that an injunction be granted against the enforcement of the execution.    Tabor demurred, and answered denying that he ever withdrew or dismissed the suit, or that he authorized any one else to do so for him, before or after judgment, and averring that he had at all times insisted that he had a valid judgment against Everett, and had in good faith tried to bring about a sale of the property, but had been prevented by the affidavits of illegality, which he charged were made for the purpose of delay.    He denied that he had had any conversation with Everett or Everett's attorney, or with the justice, about withdrawing the case, or about appealing it, or that he did anything to hinder or prevent Everett from appealing, or that he ever prevented him from making any defense, or practiced any fraud to prevent him from doing so, or that he authorized the justice to " withdraw " or dismiss the case; and claimed that if Everett did not appeal, it was from his own negligence, or he really had no intent to appeal.

The judge refused the injunction, and Everett excepted.

*N. A. Morris, A. N. Edwards*, and *G. B. Gann*, for plaintiff. *J. P. Perry* and *D. W. Blair*, for defendants.

LAMAR, J.    (after stating the foregoing facts.)    An injunction will not usually be granted where a complainant's right is not clear. He should state by his pleadings a case which does not rest upon doubtful or disputed principles of law.    This he did in the present

case.   For equity will not only relieve against a judgment obtained by fraud, but against one which has been properly rendered, where the losing party has a meritorious defense, and is prevented by the fraud of the other from entering an appeal or making a motion for a new trial.   Civil Code, §§ 4915, 4913 ; *Markham* v. *Angier*, 57 *Ga.* 43 ; *Marchman* v. *Sewell*, 93 *Ga.* 653 ; Thompson *v.* Laughlin, 91 Cal. 313 ; Sanderson *v.* Voelcker, 51 Mo. App. 333.

But the defendant insists that the injunction was properly refused, because the defendant denied the allegations in the bill. There are, however, exceptions to the rule that an injunction will be refused where the defendant's answer swears off the equity. *Holt* v. *Bank of Augusta*, 9 *Ga.* 554 ; *Coffee* v. *Newsom*, 8 *Ga.* 449 ; *Cottle* v. *Harrold*, 72 *Ga.* 831 (7).   For while it is true that the complainant must always establish to the reasonable satisfaction of the chancellor the existence of the fraud, or the fact on which the right is predicated, this does not mean that he must establish it beyond controversy.   A denial by the defendant, or a conflict in the evidence, does not necessarily require a refusal of the interlocutory relief.   In all such cases the chancellor must exercise a sound discretion.   Civil Code, § 4920.   If the evidence for the complainant is weak, and that for the defendant strong, the injunction could be refused.   If that for the complainant is strong, and that for the defendant weak, or even if it be in practical equipoise, the injunction should be granted or refused according to the peculiar circumstances of the particular case.   There should be a balance of conveniences, and a consideration whether greater harm might result from refusing than from granting the relief prayed for.   If the grant of an injunction in such a case would operate oppressively to the defendant, the restraining order should be refused ; but if it appears that if the injunction were denied the complainant would be practically remediless in the event he should thereafter establish the truth of his contention, it would be strong reason why interlocutory relief should be granted.   The delay to one party would not counterbalance the irreparable injury which might flow to the other, if the chancellor made a mistake in passing on the disputed issue of fact.   Under such circumstances it would generally be a wise exercise of discretion to preserve the right by preserving the status.   But, giving full effect to these principles, a reversal is not demanded.   For although the

solvency of a plaintiff in fi. fa. is by itself no reason why the enforcement of a fraudulent judgment should not be enjoined (Sanderson v. Voelcker, 51 Mo. App. 328 (3), yet where the fact of fraud is squarely denied, and the holder of the execution is not alleged to be insolvent, the refusal to grant the injunction does not dismiss the bill, nor prevent the bringing of other appropriate action for damages. No irreparable injury will result to the complainant, if he can eventually satisfy a jury of the invalidity of the judgment. *Sharpe* v. *Kennedy,* 51 *Ga.* 257, 263 ; *Farmers Bank* v. *Reese,* 27 *Ga.* 398.

*Judgment affirmed. All the Justices concur.*