### CARLISLE v. SMITH et al..

(District Court, N. D. Georgia. October 16, 1912.)

#### No. 28.

INJUNCTION (§ 137*)—TEMPORARY INJUNCTION—DISCRETION.

Where, in a suit for services on a quantum meruit, claimed to have been rendered in connection with obtaining rights of way, water rights, and other services in connection with the reorganization of railroad property, it was shown that complainant had already received $100,000 of the stock of the reorganized company, which it was conceded must be credited on any amount he should thereafter recover, and it also appeared that the case was doubtful, and that defendants were amply able to respond in damages, and great harm might result to defendants in enjoining them from selling or disposing of the securities of the railroad company pendente lite, while little benefit could accrue to complainant, a preliminary injunction would be denied.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec. Dig. § 137.*]

In Equity. Suit by W. A. Carlisle against C. Elmore Smith and others. Application for an injunction pendente lite. Denied.

Anderson, Felder, Rountree & Wilson, of Atlanta, Ga., for complainant.

Robert C. & Philip H. Alston, of Atlanta, Ga., for defendants.

NEWMAN, District Judge. This is an application for an injunction pendente lite. The case rests mainly upon the theory that there was a partnership between C. Elmore Smith, E. L. Ashley, and W. A. Carlisle, the complainant. The proof submitted fails to sustain this theory. It fails to show, in my opinion, that a partnership existed between the three parties named, or what is termed by counsel "a partnership adventure." It would be necessary to show more than is here shown, it seems to me, to constitute a partnership, and the allegations of the bill on that subject are expressly denied in the answer, and by the affidavits of both Smith and Ashley, defendants in the case.

─────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

So far, then, as the bill seeks an injunction pendente lite to restrain the defendants Smith and Ashley from disposing of stocks and bonds received by them from the Georgia Power Company, or the Georgia Railway & Power Company, for their interest in those corporations, on the ground that Carlisle, the complainant, was in partnership with them, or in a joint adventure with them, the same is not sustained by the evidence submitted on this hearing to the extent that it justifies the court in granting an injunction pendente lite, especially in view of the fact that there is no allegation of insolvency, but, on the contrary, the evidence submitted shows both defendants to be solvent, and one of them apparently a man of large means.

A prayer of the bill, however, seeks to recover on a quantum meruit, being for services claimed to have been rendered in connection with obtaining rights of way, water rights, and other services in connection with the reorganization and rehabilitation of the properties involved. As to this the complainant seems to make a stronger case on this hearing than he does with reference to the matter of the alleged partnership. No opinion is expressed, however, as to the merits of this or the other matters involved, further than is necessary to act upon and dispose of this application for an injunction pendente lite.

The complainant, Carlisle, has already received $100,000 of the stock of the Georgia Railway & Power Company, which, it is conceded by his counsel, must be credited upon any amount which he may hereafter recover. This, with the clearly established solvency of the defendants, would make it improper, in my opinion, to tie up the bonds and stocks in the hands of the defendants, and prevent them from selling and disposing of them. It is a well-recognized fact that courts of equity, in the matter of granting injunctions pendente lite, should consider the harm that will be done a defendant, as well as the benefit that would accrue to the complainant. When great harm would be done a defendant, with little benefit to the complainant, who is already well protected, an injunction should be denied.

According to all the authorities, upon a hearing for an injunction pendente lite, the case made by the complainant should be clear, certainly reasonably clear, before an injunction should be granted. Here the evidence is decidedly conflicting, and the complainant, having the burden of proof, fails now to make such a case as to justify the granting of an injunction at this stage of the proceeding.

The rule that should be followed in cases such as this, where an injunction pendente lite is sought, is fully discussed in 22 Cyc. 753 et seq., and a large number of authorities cited, all to the effect, apparently, that an injunction will not be granted where the case is doubtful, and where a reasonably clear case is not made of the existence of the right sought to be enforced, and further to the effect that where great harm would be done to the defendant, with little benefit to the complainant, an injunction will be refused.

The Supreme Court of Georgia in the case of Everett v. Tabor et al., 119 Ga. 128, 46 S. E. 72, in which the opinion was written by Mr. Justice Lamar, then one of the Justices of the Supreme Court of

Georgia, now a Justice of the Supreme Court of the United States, the same doctrine is announced.

In Amelia Milling Co. v. Tennessee Coal, Iron & R. Co. (C. C.) 123 Fed. 811, Judge Pardee, in passing upon the question of the right to a preliminary injunction, and in the course of an opinion denying the same, says this:

"An injunction pendente lite is very like an execution before judgment, and ought not to be issued, except in clear cases of right."

And the judge adds a little later in the opinion:

"Aside from this, the injury which would result to the defendant by issuing an injunction in this case, considered in relation to the damages which the complainant may suffer by allowing defendant's operations to continue pending this suit, would be too great to warrant an injunction pendente lite."

Undoubtedly the rule under all the authorities is as stated, and in applying the same to the facts developed here it results that the court is compelled to deny the injunction pendente lite and to dissolve the temporary restraining order already granted.

The evidence submitted on this hearing has been documents, letters, and affidavits of the parties to the case and others. What the case may develop, after reference of the same to a master or otherwise, upon examination and cross-examination of witnesses, cannot now be determined. The case is only dealt with so far as it presents itself on this hearing and by the testimony offered at this time.