## ROBERTS *v.* ROBERTS, executrix.

GILBERT, Justice. 1. To the petition as originally filed the defendant demurred generally and on three special grounds. The court overruled the demurrer, and error was assigned on the overruling of the general demurrer. The petitioner amended, and the defendant demurred on three special grounds. The petitioner again amended, and the defendant again demurred to that part of the petition which sought to restrain the bank from transferring the stock described in the petition, insisting that the court had already enjoined and restrained the bank "from changing the status of the thirty-one shares of stock in" said bank. The defendant assigned error on the overruling of the last two named demurrers. *Held:*

(*a*) The court did not err in overruling the demurrer to the petition.

(*b*) That part of the petition seeking an injunction is controlled by the ruling in *Hermann* v. *Mobley,* 172 *Ga.* 380 (158 S. E. 38).

2. In the state of the record it is not certain that the court expressly ruled on any of the special demurrers. In order to leave open the question as to whether the special demurrers were good, the bill of exceptions is construed as containing no ruling on the special demurrers, and this question is left open without prejudice.

3. The petition and the answer, both being verified, served the office of both pleading and evidence on the application for injunction. *Saint Amand* v. *Lehman*, 120 *Ga.* 253 (4) (47 S. E. 949).

4. It can not be held by this court that the trial judge abused his discretion in granting the interlocutory injunction to preserve the existing status until the case could be tried before a jury on its merits.

*Judgment affirmed. All the Justices concur.*

No. 10728. APRIL 11, 1935.

ADHERED TO ON REHEARING, JUNE 13, 1935.

*Price Edwards,* for plaintiff in error.

*Neely, Marshall & Greene* and *John D. Humphries Jr.,* contra.