21651.   SALTER et al. v. ASHBURN.

Argued May 14, 1962—Decided June 12, 1962.

*Albert E. Butler,* for plaintiffs in error.

*Charles M. Jones, Richardson, Jones & Doremus,* contra.

Almand, Justice. The orders under review are (a) the overruling of general demurrers to a petition seeking equitable and legal relief, and (b) the grant of an interlocutory injunction.

The petition of Ashburn alleged that W. L. Salter, Sr. and other defendants, were on January 1, 1961, owners of certain tracts of land in Liberty County; that on January 20, 1961, the defendants by warranty deed conveyed to the plaintiff 6 tracts; and that on the same day the plaintiff conveyed these 6 tracts to the defendants to secure an indebtedness of $140,000, the debt being represented by a series of seven promissory notes. The security deed provided that the grantor (the plaintiff), "Will keep all taxes paid on said property before the same shall be in default. Should the grantors fail to do either or both of the things agreed to the grantees may take out such insurance or pay said taxes and add the same to the above indebtedness which shall be a legal charge against said property and same shall draw interest at the rate of eight per cent (8%) per annum from the time such payment is made. It is expressly agreed that in case of any default of the payment of interest, insurance, premiums, or taxes as agreed on or of any one of the notes when they shall fall due the grantees, their heirs and assigns, at their option, may treat the entire debt due for all purposes whatsoever." It was alleged that, subsequently to the making of the aforementioned deeds, the defendants agreed that they would return the properties covered in deeds for 1961 taxes, and when they were paid by the defendants, the plaintiff would reimburse them less the defendants' pro rata part of the taxes for the period from January 1 to January 20, 1961.

It was further alleged that, under the law, it was the duty of the defendants on January 1, 1961, to return and pay the taxes for that year; that on January 13, 1962, the plaintiff tendered to

the defendants by cash and certified check the full amount of taxes due for the year 1961 and the tender was refused; that on January 16, 1962, the defendants notified the plaintiff that, since he was in default all the notes were due, and unless the indebtedness was paid in full, foreclosure proceedings would be instituted; and that all the notes due and payable through September 1, 1962, had been paid. The defendants are now advertising the properties for sale under the power of sale. It was alleged that this action on the part of the defendants was in breach of their agreement as to the payment of taxes, has prevented the plaintiff from selling lots in his subdivision and has damaged the plaintiff in a named sum.

At the interlocutory hearing, the general demurrers of the defendants were overruled, and on the pleadings the court enjoined them from proceeding with the sale under the power of sale contained in the security deed.

■ Several grounds of the general demurrers asserted that the petition failed to set forth a cause of action for equitable relief, in that there was no tender of payment of the entire indebtedness. The general demurrers also challenge the right of the plaintiff to recover damages.

A general demurrer to a petition seeking equitable and legal relief will not be sustained if the facts alleged entitle the plaintiff to any of the substantial relief prayed. *Arteaga v. Arteaga,* 169 Ga. 595 (151 SE 5). Whether the petition alleges facts which authorize the grant of equitable relief depends upon an answer to this question: Did the plaintiff breach the covenant in the security deed as to the payment of taxes for the year 1961 so as to authorize the defendants' action in declaring all notes due and payable and their action in advertising the property for sale under the power of sale contained in the security deed? Under the facts alleged in the petition, the defendants were the owners of the tracts of land covered by the security deed on January 1, 1961. Under *Code* §§ 92-6202, 92-6206 and 92-6402, the defendants as such owners were by law obligated to return and pay the taxes assessed against the properties for the year 1961.

There was no express covenant in the security deed that the

plaintiff would assume the duty imposed by law upon the defendants.

It was provided that the defendants, in the event the plaintiff failed to pay all taxes assessed against the properties, had the right either to pay the taxes and add the same to the indebtedness or in default of payment of "taxes as agreed on" to declare the entire debt due. The parties had the right to agree among themselves as to the proration of the taxes for the year 1961. *Real Estate Loan Co. v. Union City,* 177 Ga. 55 (169 SE 301). The petition alleges that, subsequently to the execution of the warranty and security deeds, the parties did agree that the defendants would return and pay the taxes for 1961, and the plaintiff would reimburse the defendants for the amount of taxes from January 20 to December 31.

Though the alleged agreement was in parol, it is not subject to the objection that it attempted to vary the terms of the security deed or that it fell within the statute of frauds, in that it was not in writing. Under the ruling in *Kennedy v. Ayers,* 166 Ga. 206 (2) (142 SE 859), the parties could make such an oral enforceable agreement. It was there held: "A parol agreement between the payee and the maker of purchase-money notes previously executed, on advancing the dates of maturity of some of them, that the notes so changed shall be eliminated from the accelerating clause in a deed executed by the maker as security for the payment of all the notes, so that failure to pay the changed notes at the stipulated advanced times for their maturity shall not be cause for accelerating the maturity of the other notes, is binding on the parties; and such failure will not authorize the payee thereupon to declare all the notes due, and to sue for collection of all, or to exercise a power of sale in the security deed." It appearing that the plaintiff has tendered payment to the defendant, of the full amount of taxes they paid for 1961, which tender was refused, and that said sum has been paid into the registry of the court, we are of the opinion, under the facts alleged, that the plaintiff was not in default as to the payment of the 1961 taxes. Thusly, the defendants had no right to declare the entire debt as being due and to attempt a loan

foreclosure. The petition sets forth a cause of action for injunctive relief.

Whether the petition sets forth a cause of action for damages need not be decided, the petition setting forth a cause of action for equitable relief. *Ward v. McGuire,* 213 Ga. 563 (100 SE2d 276).

The defendants by general demurrers challenged the petition as to misjoinder of causes of action and with duplicity. These are matters that can only be raised by special demurrers and cannot be considered in the ruling on the general demurrers. *Hall v. Browning,* 195 Ga. 423 (5) (24 SE2d 392).

■ After overruling the defendants' general demurrers the trial judge granted an interlocutory injunction on the pleadings. The bill of exceptions assigns error on the grant of the injunction as being contrary to law and being without evidence to support it "in that the pleadings did not authorize the judgment." It does not appear that the defendants offered or requested the court to allow them to introduce any evidence, which the court refused, or that they objected to the court passing upon the prayers for injunctive relief upon the pleadings. The trial judge had before him the sworn petition and answer. Such served the office of both pleadings and evidence on the application for injunction. *Code* § 81-110; *Roberts v. Roberts,* 180 Ga. 671 (3) (180 SE 491); *Atlantic C. L. R. Co. v. Gunn,* 185 Ga. 108, 111 (194 SE 365). In their answer the defendants admitted the allegations of the plaintiff that all of the notes due and payable through September 1962, had been paid. The answer also admitted the allegations of paragraphs 24 and 25 of the petition which read as follows:

"That on June 12, 1961, the defendants herein, in partial consideration of your petitioner paying to the defendants the sum of $25,000 before the same was due on December 31, 1961, agreed to release any lots sold and conveyed under the deed to secure debt, attached hereto and marked 'Exhibit B,' by your petitioner without cost up to a total of $62,500, based on a fair market value as those lots were sold. That the original of said agreement, dated June 12, 1961, is in the hands of the defendants and the terms of said agreement are well known to said defendants.

"That said agreement dated June 12, 1961, as well as the security deed attached hereto and marked 'Exhibit B,' contemplated the sale by your petitioner of lots in the subdivided land described in said security deed and the release of the operation of said security deed as to said lots when sold, so that petitioner could convey a free title."

The pleadings disclose that the defendants were attempting to foreclose their security deed on all the tracts and lots, notwithstanding the provision of the security deed that the "grantees herein will supply grantors herein with a written release of any property in any subdivision now developed or that may hereafter be developed or any other area on said Isle of Wight upon the condition that there shall remain a sufficient number of lots or amount of acreage to secure the balance due second parties at that time after said requested release." These admitted facts and the fact that the plaintiff had paid $67,500 on the indebtedness would have entitled the plaintiff to an order restraining the defendants from foreclosing the loan deed as to all the tracts of land contained in the security deed. We hold that on the pleadings in the case the trial judge was authorized to grant an order restraining the defendants from proceeding to foreclose the loan deed.

*Judgment affirmed. All the Justices concur.*