26572. STEENHUIS et al. v. TODD'S CONSTRUCTION COMPANY et al.

NICHOLS, Justice. 1. "Upon hearing for an interlocutory injunction, if the evidence 'for the complainant is strong, and that for the defendant weak, or even if it be in practical equipoise, the injunction should be granted or refused according to the peculiar circumstances of the particular case. There should be a balance of conveniences, and a consideration whether greater harm might result from refusing than from granting the relief prayed for. If the grant of an injunction in such a case would operate oppressively to the defendant, the restraining order should be refused; but if it appears that if the injunction were denied the complainant would be practically remediless in the event he should thereafter establish the truth of his contention, it would be strong reason why interlocutory relief should be granted. The delay to one party would not counter-balance the irreparable injury which might flow to the other, if the chancellor made a mistake in passing on the disputed issue of fact.

Under such circumstances it would generally be wise exercise of discretion to preserve the right by preserving the status.' *Everett v. Tabor,* 119 Ga. 128, 130 (46 SE 72). See *Jones v. Lanier Development Co.,* 188 Ga. 141, 145 (2 SE2d 923); *Ballard v. Waites,* 194 Ga. 427, 429 (3) (21 SE2d 848); and *Maddox v. Willis,* 205 Ga. 596 (5) (54 SE2d 632), where the foregoing rule has been applied to various factual situations." *Stephens v. State Hwy. Dept.,* 223 Ga. 713 (1) (157 SE2d 751).

Upon an application of the above principle, it is clear that in a case like the one sub judice where the plaintiff seeks to enjoin the enforcement of a statutory lien upon real property filed after a dispute arose in connection with a contract for the improvement of such real estate and the plaintiff, landowner, is amply protected without the issuance of a temporary injunction, but the supplier of labor and material would not be afforded the protection provided by law if such injunction was granted, the trial court did not err in vacating the temporary restraining order previously entered and in refusing the temporary injunction.

2. "The reference of a case to an auditor rests largely in the discretion of the court; and unless this discretion is abused, a refusal to appoint an auditor will not be held to be erroneous." *Teasley v. Bradley,* 120 Ga. 373 (47 SE 925); *Martin v. Foley,* 82 Ga. 552 (9 SE 532).

The dispute in the present case arises from a contract between the parties, and the issues of fact are such that it cannot be said that a jury is not better qualified to pass upon the same than an auditor. The judgment of the trial court refusing to appoint an auditor was not an abuse of discretion.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1971—DECIDED JULY 9, 1971—

REHEARING DENIED JULY 30, 1971.

*McClain, Mellen, Bowling & Hickman, A. O. Bracey, III, Arthur Gregory,* for appellants.

*B. W. Crecelius, A. Ed Lane,* for appellees.