### 26879.  GREENE v. INTERSTATE CREDIT CORPORATION et al.

ALMAND, Chief Justice. This appeal is from an order granting an interlocutory injunction.

Interstate Credit Corporation, in its complaint against W. B. Greene, in substance alleged that on January 15, 1962, James Glenn, the owner of a one-acre tract of land, gave to plaintiff's predecessor in title a deed to said tract to secure the payment of a debt for a house he had built on the west half of the lot; and that on the same day Glenn conveyed the east half-acre to plaintiff's predecessor in title, who subsequently contracted to sell the east half-acre to one B. L. Lott. Plaintiff then became the owner of the east half-acre, subject to the contract of sale to Lott. Though the defendant knew that the indebtedness of Glenn which was secured by deed, covered only the west half-acre, the deed to the defendant, through a mutual mistake of the parties, conveyed the entire acre to the defendant. Not until after the defendant had foreclosed the Glenn security deed was the plaintiff informed by the defendant that he was claiming title to the entire acre. The defendant obtained a dispossessory warrant against B. L. Lott as a tenant at sufferance. The prayers of the complaint were (a) to enjoin further proceedings in the dispossessory warrant case; (b) for reformation of the transaction between the plaintiff and the defendant so as to express the true intent of the parties; and (c) for a decree that the plaintiff had title to the east half-acre.

On the verified complaint the court granted a temporary injunction.

The defendant in his verified answers denied the material allegations of the complaint; denied that there was a mutual mistake; and, by counterclaim, prayed for damages and attorney's fees.

At the hearing the court, upon a consideration of the allegations of the complaint and answer, enjoined the defendant, until further order, from pursuing the dispossessory warrant proceedings in a justice of the peace court, subject to the plaintiff giving a surety bond to secure the payment of the eventual condemnation money in said case.

The appellant enumerates as error the court's overruling of

his defense that the complaint failed to state a claim upon which relief could be granted, and in failing to dismiss the complaint. However, in the order appealed from, the court did not pass on these defenses.

The granting and continuing of injunctions always rests in the sound discretion of the trial judge according to the circumstances of each case. *Code* § 55-108. The complaint and answer, both being verified, serve the office of pleading and evidence on application for injunction. *Roberts v. Roberts,* 180 Ga. 671 (180 SE 491).

Equity will enjoin the proceedings in a court of law where there is an intervening equity or other proper defense of which a party, without fault on his part, cannot avail himself at law. *Code* § 55-103.

We cannot say that the judge abused his discretion in continuing the temporary injunction on the terms stated in the order. Compare *Rubsam v. Cobb,* 84 Ga. 552 (11 SE 138).

*Judgment affirmed. All the Justices concur.*
SUBMITTED DECEMBER 13, 1971—DECIDED JANUARY 19, 1972.

*James E. Greene,* for appellant.
*Al D. Tull, Jere F. White,* for appellee.