27706. NUNN BETTER ENTERPRISES, INC. et al. v. MARIETTA LANES, INC.

NICHOLS, Justice. This is an appeal from the grant of interlocutory injunction after hearing at which no sworn testimony was introduced. Both the complaint and answer were verified. The issue revolved around a lease of property from the defendant corporation to the

plaintiff corporation and alleged trespass upon such premises by the defendants. *Held:*

1. "The complaint and answer, both being verified, serve the office of pleading and evidence on application for injunction. *Roberts v. Roberts,* 180 Ga. 671 (180 SE 491)." *Greene v. Interstate Credit Corp.,* 228 Ga. 573 (186 SE2d 869). See also *Salter v. Ashburn,* 218 Ga. 62, 66 (126 SE2d 404), and cits.

2. While the order appealed from did not include the usual language of a temporary injunction, "until further order of the court," yet from a reading of the complete order it must be held to have been temporary. Thus, the question is presented as to whether as a temporary injunction it included matters the grant of which amounted to an abuse of discretion.

3. " 'Upon hearing for an interlocutory injunction, if the evidence "for the complainant is strong, and that for the defendant weak, or even if it be in practical equipoise, the injunction should be granted or refused according to the peculiar circumstances of the particular case. There should be a balance of conveniences, and a consideration whether greater harm might result from refusing than from granting the relief prayed for. If the grant of an injunction in such a case would operate oppressively to the defendant, the restraining order should be refused; but if it appears that if the injunction were denied the complainant would be practically remediless in the event he should thereafter establish the truth of his contention, it would be strong reason why interlocutory relief should be granted. The delay to one party would not counter-balance the irreparable injury which might flow to the other, if the chancellor made a mistake in passing on the disputed issue of fact. Under such circumstances it would generally be wise exercise of discretion to preserve the right by preserving the status." *Everett v. Tabor,* 119 Ga. 128,

130 (46 SE 72). See *Jones v. Lanier Development Co.,* 188 Ga. 141, 145 (2 SE2d 923); *Ballard v. Waites,* 194 Ga. 427, 429 (3) (21 SE2d 848); and *Maddox v. Willis,* 205 Ga. 596 (5) (54 SE2d 632), where the foregoing rule has been applied to various factual situations.' *Stephens v. State Hwy. Dept.,* 223 Ga. 713 (1) (157 SE2d 751)." *Steenhuis v. Todd's Construction Co.,* 227 Ga. 836 (183 SE2d 354).

4. The order in the present case, like that in *Stephens v. State Hwy. Dept.,* 223 Ga. 713, supra, required a part of a permanently constructed building to be destroyed, and under the decision in that case this part of the order constituted an abuse of discretion.

5. The remaining enumerations of error are without merit.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED FEBRUARY 13, 1973 — DECIDED MARCH 8, 1973.

*Holcomb & McDuff, Robert E. McDuff, Frank D. Holcomb,* for appellants.

*Custer, Smith & Manning, Lawrence Custer,* for appellee.