## 28270. CHARLES v. COBB COUNTY et al.

MOBLEY, Chief Justice. In a condemnation proceeding brought by Cobb County against 9.58 acres of land, Mrs. J. Shelly Charles, and others, Cobb County acquired fee simple title to the property for road purposes. A consent judgment was entered awarding the property owners the fair market value of the property, specifically adjudicating that there would result no consequential damages or consequential benefits to their abutting lands.

Thereafter Mrs. Charles, the appellant here, brought a complaint for injunctive relief and damages against Cobb County, the commissioners thereof, and The Columns, Inc. She alleged that: The road is being improperly and illegally constructed in that it has been elevated above the adjoining land, making access to the road by the appellant, the adjoining landowner, impossible. Her property abutting the road is being damaged by quagmires caused by the elevated road bed and improper drainage construction. Certain of the defendants have expressed an intention to name the road "Columns Road," which would be an

illegal use of public property for private gain and profit, in that the name would advertise The Columns, Inc. The Columns, Inc., is illegally erecting three concrete structures within the right of way lines of the intersection of Johnson Ferry Road and the road under construction. It was prayed that damages be awarded; and that the defendants be temporarily restrained and permanently enjoined from allowing the three columns to remain within the public right of way; from further construction of the road; from allowing the quagmires to continue; from allowing the trees to remain along the road right of way, and from naming the road "Columns Road" or any similar name.

After a hearing, all interlocutory relief was denied, except that The Columns, Inc., was enjoined until further order of the court from maintaining or erecting any additional facility with reference to the three columns. The appeal is from this order.

1. The appellant contends that the court erred in refusing to enjoin further construction and paving of the road. The road cut through the property of the appellant, dividing it. She asserts that she is entitled to access to and across the road at all points where it touches her property, and that because of the elevation of the road at certain places, and quagmires at others, she is deprived of access.

Owners of land abutting upon a highway (which is not a limited access highway) have the right to use the highway along with others, and have an easement of access to their land abutting upon the highway. *State Hwy. Bd. v. Baxter,* 167 Ga. 124 (1) (144 SE 796); *Barham v. Grant,* 185 Ga. 601, 604 (196 SE 43); *Dougherty County v. Hornsby,* 213 Ga. 114 (97 SE2d 300).

"Such owner, however, is not entitled, as against the public, to access to his land at all points in the boundary between it and the highway, if entire access has not been cut off, and if he is offered a convenient access to his property and to improvements thereon, and his means of ingress and egress are not substantially interfered with by the public." *State Hwy. Bd. v. Baxter,* 167 Ga. 124 (1c), supra.

The record discloses that the appellant has access from one side of the road to the other and has not been denied access to cross and recross the road. Furthermore, a vehicular cross-over of the road has been constructed by the county at one point. In addition, much of the road level is near the level of the abutting property. Engineers in the construction of the road found it necessary to elevate the road bed at places, and to put drainage pipes at

others.

There is no evidence that the county in designing, laying out, or constructing the road acted arbitrarily or abused the discretion vested in it by law. As stated in *Crump v. State Hwy. Dept.,* 191 Ga. 130 (1) (12 SE2d 310), "A court of equity will not interfere with the discretionary action of the State Highway Department in locating, grading, and improving a proposed State-aid highway, within the sphere of their legally designated powers, unless such action is arbitrary and amounts to an abuse of discretion. . ."

The trial judge did not err in refusing to enjoin the completion of the road.

2. It is asserted that the trial court erred in finding that the condemnees waived their rights to consequential damages to the remaining property abutting on the condemned right of way.

The condemnees waived any claim they may have had to consequential damages for the proper construction of the road in the consent judgment that was taken in the condemnation proceedings. They now seek to collaterally attack the condemnation consent judgment, which they are precluded by that judgment from doing. *McGreggor v. W. L. Florence Const. Co.,* 208 Ga. 176 (2) (65 SE2d 809).

The present case is distinguishable from *Whipple v. County of Houston,* 214 Ga. 532 (2) (105 SE2d 898), wherein this court held that equitable grounds for setting aside the condemnation award were alleged.

The trial judge did not err, under the evidence in the present case, in holding that the condemnees waived their rights to consequential damages in the consent judgment.

3. The trial court did not err in refusing to enjoin the county's alleged negligent and improper failure to use the drainage easements obtained when the appellant's property was condemned. The evidence shows that the drainage system had not been completed at the time of the interlocutory injunction hearing, but was being worked on when the weather permitted.

4. There was no error in refusing to enjoin the planting of trees upon the right of way of the road, as they did not prevent reasonable access to the road from the appellant's property.

5. It is contended that the court erred in failing to enjoin the county from naming the road "Columns Road" or any similar name used to advertise The Columns, Inc. There was no evidence, except the allegations of the appellant's verified complaint, that any name

had been chosen for the road under construction. However, the matter of naming the road is within the discretion of the county.

6. It is strongly contended that the judgment of the trial court refusing to enjoin the appellees from permitting the three columns to remain in the public right of way is contrary to law in that the erection of the columns violated Code Ann. § 95-604 (Ga. L. 1953, Nov. Sess., pp. 367, 368), Code § 95-2002, and Code Ann. § 95-2003a (Ga. L. 1971, Ex. Sess., pp. 5, 11).

Code Ann. § 95-604 pertains only to State-aid roads, and is not applicable to the road involved in this case, which is a county road of Cobb County. Code Ann. § 95-2003a limits advertising on property adjacent to interstate or primary highways of the State.

At the time of the interlocutory hearing the columns had already been erected. Prior to the introduction of any evidence, the trial judge informed the parties that it was his opinion that he did not have the authority, in the balancing of equities, etc., to require the removal of the columns on interlocutory injunction, citing *Nunn Better Enterprises v. Marietta Lanes,* 230 Ga. 230 (196 SE2d 404).

It was not error for the trial judge to reserve for determination on the final trial of the case the question of whether the columns erected were such "signs" as are prohibited by Code § 95-2002, or are such obstruction on the right of way of a public road (see *Harbuck v. Richland Box Co.,* 204 Ga. 352 (49 SE2d 883)), which equity would require the appellee, The Columns, Inc., to remove.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1973 — DECIDED JANUARY 29, 1974 — REHEARING DENIED FEBRUARY 18, 1974.

*Westmoreland, Hall, Bryan, McGee & Warner, John L. Westmoreland, P. Joseph McGee,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Marion Smith, II, William G. Grant, McDonald, Dupree, Rodriquez & Moore, Duard R. McDonald, Edwards, Awtrey & Parker, G. Grant Brantley,* for appellees.