28432. STEENHUIS et al. v. TODD'S CONSTRUCTION
COMPANY et al.

UNDERCOFLER, Justice. This is a dispute over two contracts, one written and one oral, for improvements in connection with the construction of an apartment complex. Todd's Construction Co. claimed nonpayment and filed liens against the property. The owners of the property sued Todd for overpayment, damages, and to enjoin the maintenance of the liens. Todd counterclaimed for nonpayment. The jury returned a verdict for Todd on its counterclaim. The court entered judgment on the verdict and decreed it was a lien against the property. The owners appeal. *Held:*

1. No relief was sought against Georgia Earth Movers, Inc. The plaintiffs alleged they "do not know the interest or standing of Georgia Earth Movers, Inc., as to the alleged facts in said claim of lien." The plaintiffs prayed that Georgia Earth Movers, Inc., "appear and plead to the allegations of count one and count four of this complaint, and put before the court its interest, if any, in the various claims put at issue by this complaint." Georgia Earth Movers, Inc., did not appear and the court dismissed it as a defendant. We find no error. Code Ann. § 81A-121 (Ga. L. 1966, pp. 609, 632). The complaint shows no dispute between the complainants and Georgia Earth Movers, Inc., nor do the complainants make any claim against it.

2. The dismissal of Counts 2 and 3 of the petition is not reversible error. Count 2 claimed damages for a malicious filing of liens. Count 3 claimed damages for jeopardizing loan commitments by filing liens. The jury rendered a verdict for the defendant on its counterclaim. This established the defendant's right to a lien. Error, if any, in dismissing these counts before the introduction of evidence was harmless. See also *Steenhuis v. Todd's Construction Co.,* 227 Ga. 836 (183 SE2d 354).

3. The court did not err in dismissing Lacy L. Todd, individually. The petition shows that the contracts sued upon were entered into by Todd's Construction Co., a corporation. The allegations of the petition relating to the actions of Lacy L. Todd show that he was acting as an officer of the corporation and not in his

individual capacity. As a matter of fact, the evidence introduced during the trial required the same conclusion and upon motion at the conclusion of complainant's evidence the trial court again dismissed Todd individually despite the fact that the record reveals the court had dismissed him on motion prior to the introduction of evidence.

4. The enumerations of error complaining of the trial court's rulings pertaining to matters of evidence have been reviewed. In each instance the ruling was correct or, if error, was harmless.

5. The evidence supports the verdict. The court did not err in overruling appellant's motion for a directed verdict to that part of appellee's counterclaim based upon an oral contract.

6. The court found that Todd's Construction Co. had complied with all the requisites of Code Ann. § 67-2002 and directed that the judgment in favor of Todd be a special lien against the property upon which the work had been performed. We find no authority, nor does the appellant cite any, which prohibits the court, under the facts of this case, from establishing the judgment as a special lien. The court did not err in requesting the attorney for Todd to prepare and submit to the court an order for entry of judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1974 — DECIDED FEBRUARY 6, 1974 — REHEARING DENIED FEBRUARY 18, 1974.

*McClain, Mellen, Bowling & Hickman, A. O. Bracey, III, Arthur Gregory,* for appellants.

*B. W. Crecelius, Gilbert D. Spindel, Sr.,* for appellees.