### 52342. MITCHELL et al. v. DeKALB COUNTY BANK.

QUILLIAN, Judge.

Plaintiffs filed suit seeking declaratory judgment regarding their respective rights, liabilities, and obligations in reference to two promissory notes and in reference to certain collateral held by the defendant for the payment of those notes. The complaint also sought a temporary restraining order and an injunction to prevent the defendant from seeking collection of the note from the plaintiffs and from conveying or assigning the collateral pending the action for declaratory judgment. On the same day of the filing, a temporary restraining order was granted enjoining defendant from seeking collection of the note and transferring the collateral until such time as the matter could be heard upon interlocutory hearing. The defendant filed its verified answer, denying the material allegations of the complaint. The matter came on for hearing before the trial judge at which the only facts were those as presented in the verified complaint and the verified answer. The trial judge in denying the motion for temporary restraining order and injunction made the following findings. "(1) Genuine issues of material fact exist which should be resolved by trial of the case. (2) As a matter of fact, and based upon the pleadings and evidence of record, Plaintiffs have an adequate remedy at law and they would suffer no irreparable injury by denial of their motion for interlocutory restraining order."

Appeal was taken from that order and the sole issue before this court is whether the trial judge erred in denying the injunction pending determination of the right of the parties. *Held:*

1. The Supreme Court considered an appeal from a judgment by the trial court which after hearing dismissed a temporary restraining order previously entered. It was there held: "Under decisions exemplified by *Hudon v. North Atlanta,* 219 Ga. 179 (132 SE2d 74), and cases there cited, the present case is not a case in equity since the effect of the plaintiffs' prayers is merely to maintain the status of the parties until the declaration of their rights may be determined." *Pichulik v. Simpson,* 227 Ga. 55 (178 SE2d 860). Accord, *Jahncke Service v. Dept. of Transportation,* 137 Ga. App. 179, 180 (1) (223 SE2d 228). We therefore consider the equitable principles involved in this case.

2. "The complaint and answer, both being verified, served the office of pleading and evidence on application for injunction." *Greene v. Interstate Credit Corp.,* 228 Ga. 573, 575 (186 SE2d 869). Accord, *Roberts v. Roberts,* 180 Ga. 671 (3) (180 SE 491).

3. "In an application for an interlocutory injunction there should be a balancing of conveniences and a consideration of whether greater harm might be done by refusing than by granting the injunction." *Maddox v. Willis,* 205 Ga. 596 (5) (54 SE2d 632). Accord, *Everett v. Tabor,* 119 Ga. 128 (4) (46 SE 72); *Parker v. West View Cemetery Assn.,* 195 Ga. 237, 244 (24 SE2d 29). In the grant or refusal of an interlocutory injunction, the trial judge is vested with a wide discretion, which will not be controlled unless abused. *Verner v. DeKalb County,* 207 Ga. 436 (2) (61 SE2d 921). Accord, *Ballard v. Waites,* 194 Ga. 427, 429 (1) (21 SE2d 848).

In this case, either of the parties might suffer some injury, depending upon whether an interlocutory injunction was granted or denied. The facts are in dispute and we cannot hold that irreparable injury will result to the complainant upon the denial of temporary equitable relief. The trial judge did not err in denying the temporary restraining order and refusing to enjoin the defendant pending the disposition of the cause.

564

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JULY 14, 1976 — DECIDED SEPTEMBER 16, 1976.

*Alford & Hamilton, Walter C. Alford,* for appellants.
*Charles Howard Hyatt, Ernest J. Nelson, Jr.,* for appellee.