## 55972. LAMBERT et al. v. ALLEN et al.

DEEN, Presiding Judge.

State Farm Mutual Automobile Insurance Co. filed a declaratory judgment action alleging substantially the following: It carried automobile liability insurance on the automobile of one Mike Anthony Wilkerson, deceased, of whose estate the co-plaintiff Betty Lambert is administratrix. Mike, who was driving, and David Wilkerson, a passenger, were killed when the car was struck from the rear by an unknown hit-and-run driver designated as John Doe. One Janice Wilkerson, alleging herself to be the common law widow of David Wilkerson, has filed a wrongful death action naming Mike Wilkerson and John Doe as defendants. State Farm admits its status as insurer and duty to pay any judgment obtained as a result of Mike's negligence. It states, however, that it does not know whether Janice was in fact the common law wife of David, but is aware that a minor natural child of the deceased exists named David Randall Wilkerson who is in the custody of his grandmother, Mrs. Catherine Buttram, and is not a party to the tort action. Plaintiffs are apprehensive that under these circumstances they may be exposed to double liability in the event that David Randall, after reaching majority, should assert a claim against them, he not being a party to the wrongful death action, and they thus cannot proceed with safety in handling the claims of the various parties who are or may be entitled to maintain such an action.

The declaratory judgment petition prays for a jury trial, judgment as to who, if anyone, is entitled to maintain an action for the wrongful death of David Wilkerson, and an injunction against the further prosecution of the wrongful death action pending a decision of this issue. The court, after an interlocutory hearing, denied the injunction, and plaintiffs appeal. *Held:*

1. So long as there is a surviving widow, the right of action under Code § 105-1302 is in her and no action by the children may be brought. *Bloodworth v. Jones,* 191 Ga. 193 (11 SE2d 658) (1940). Under this statute the widow "may release the alleged wrongdoer without the

concurrence of any children [or] any order of court." Any recovery by her whether by settlement or suit is held "as if it were personal property descending to the widow and children from the deceased." Code § 105-1304. If a wife and child survive, the wife takes a child's part; if only children, they inherit equally. Code § 113-903 (3) (4).

2. It follows from the above that two questions are involved insofar as the plaintiff insurer is concerned. It admits the insurance contract and duty to pay upon liability being established, and thus stands somewhat in the position of a contingent stakeholder. While it is not a party to the tort action, and therefore the interpleader provisions of Code § 81A-122 would seem not to apply, nor the joinder of the minor child as either plaintiff or defendant, under Code § 81A-119 (a) (1), it nevertheless may in fact need protection before taking an action which would otherwise prove perfectly feasible; i.e., entering into settlement negotiations with the alleged widow. It is further possible that although the alleged widow litigated and won a judgment in the tort action, collected and divided the proceeds with the child of the deceased, the latter on reaching majority might contend he was not bound by the judgment in a case to which he was not a party. It should also be noted that the administratrix alleges the estate per se has no assets. Both the administratrix and the insurer are entitled to have established, in a forum in which all parties are present, the party in whom the right of action for the contended negligent homicide rests.

3. But are the plaintiffs entitled to have this question established *prior to* the prosecution of the tort suit? That action may establish that Mike Wilkerson was not negligent, in which case there is no liability and the question of which party was the proper plaintiff is mooted. That a declaratory judgment action is proper for the purpose of determining which relative (natural child or alleged wife) is the proper plaintiff, see *Hobgood v. Black,* 144 Ga. App. 448 (2) (241 SE2d 60) (1978), where a declaratory judgment action was brought to determine whether in prior wrongful death actions an alleged wife or the mother was the proper plaintiff. The issue there was whether the declaratory judgment should proceed and the

answer was yes. Here the question is only whether *pending this determination* the alleged wife should be enjoined from proceeding with her action against the administratrix. The grant or refusal of a temporary injunction pending litigation is very largely within the discretion of the trial court, whose function it is to effect "a balance of conveniences." *Steenhuis v. Todd's Const. Co.,* 227 Ga. 836 (183 SE2d 354) (1971). Where the injury is irreparable, there is an abuse of discretion. Whether or not the greater harm may be done by refusing rather than granting the injunction is usually to be decided at the trial level. *Mitchell v. DeKalb County Bank,* 139 Ga. App. 562 (228 SE2d 746) (1976). The court here stated his reason for denying the prayer because (a) complainants could request that the minor David Randall be added as a party plaintiff to the tort suit, or (b) they could petition a proper probate court for determination of the heirs at law of the deceased.

(a) As previously noted, the suggestion that David Randall be added as a party plaintiff must come under Code § 81A-119 (a) (1) or (2). Subdivision (2) is irrelevant because the child has not as yet made a claim as to interest in the subject matter. Under subdivision (1) it must appear that in his absence "complete relief cannot be afforded among those who are already parties." But the complainant whose interest is involved here is State Farm Mutual, an entity not a party to the tort suit, although pledged to its defense. This Code section does not apply under the peculiar facts of this case.

(b) As to the remaining subsection of the judge's order, the reference is to Code § 113-2801: "Whenever any question arises under the laws of descent and distribution of this State as to who is entitled to take as heirs at law, or as to the quantity of interest heirs at law are entitled to take, such question may be resolved judicially." The application may be made to the probate court of the county of administration *or* to the superior court of that county. The only county here involved is Clayton. Under Code § 113-2802 the administratrix may file the action to determine heirship. The administratrix is also, however, a plaintiff in this declaratory judgment suit. The present action may thus be treated as an action by the named

administratrix to determine the question posed (who is a proper party to bring the damage suit) which is to become ultimately (in the event plaintiff wins) a matter of descent and distribution. If the plaintiff in the tort suit is in fact the widow of the deceased, only she can bring the suit. If not, only the minor is entitled, via his guardian, or next friend, to the right of action. But both cannot be joined as plaintiffs, and the insurer deals with either at its peril. Under these circumstances it would appear that the question of the right to bring the action, as between these contending heirs, should first be decided. It may be so decided in the declaratory judgment action by virtue of Code § 113-2801 and this appears the most expeditious way of handling the problem; therefore, failure to grant the temporary injunction at this stage of proceedings constitutes an abuse of discretion.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED JUNE 5, 1978 — DECIDED JULY 10, 1978.

*Greer & Klosik, Richard G. Greer, Scott Barksdale, Frank Klosik,* for appellants.
*Albert B. Wallace, Paul S. Weiner,* for appellees.