Richard STEGMAN, et al., Plaintiffs,

v.

HORTON HOMES, INC.,
et al., Defendants.

Civ. A. 93–413–1–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Jan. 28, 1994.

---

Benjamin M. Garland, F. Kennedy Hall, John Steven Stewart, Macon, GA, for plaintiffs.

Robert A.B. Reichert, John P. Cole, Macon, GA, for defendants.

Hubert C. Lovein, Jr., William T. Prescott, Macon, GA, for Edward R. Hargett, Jr.

### *ORDER*

OWENS, District Judge.

Before the court is a civil action in which plaintiffs Richard Stegman and Lorraine

Stegman seek damages for the wrongful death of their daughter, Dixie Stegman. Plaintiffs also seek a declaration by this court that they are the proper parties to bring this claim. In furtherance of their declaratory action, plaintiffs named Edward R. Hargett, Jr., as a defendant to this action. Hargett claims to be the common law husband of the deceased. On December 8, 1993, Hargett petitioned the probate court of Fairfield County, South Carolina, for a declaration that he is the common law husband of Dixie Stegman. Plaintiffs have asked this court to enjoin the South Carolina probate proceeding so as to allow this court to properly dispose of their requested declaratory relief. Edward Hargett, however, contends that this court is without the authority to enjoin the South Carolina probate proceeding and, therefore, plaintiffs' request should be denied.[1]

■ As an initial matter, the court agrees with defendant Hargett that under the circumstances of this case, this court does not have the authority to enjoin the South Carolina probate proceeding. This determination, however, does not limit or prevent this court from properly disposing of the underlying wrongful death action brought before this court by plaintiffs.

■ Rule 17(a) of the Federal Rules of Civil Procedure requires that "[e]very action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.Pro. 17(a). In a civil action, it is the obligation of this court, when the issue is raised, to determine who is the real party in interest. The real party in interest is the person who, under the controlling substantive law, is entitled to enforce the right asserted. Under Georgia's wrongful death statute, the right of action initially belongs to the spouse of the deceased. O.C.G.A. § 51–4–2. If no spouse exists, the cause of action belongs to the children of the deceased. *Id.* If, however, there is no spouse and no children, the cause of action belongs to the parents of the deceased. *Id.* § 51–4–4. Whether in the context of an

action seeking declaratory relief, or merely incidental to the proper disposition of a civil action, the question as to who is the proper party to bring a particular claim—that is, who is the real party in interest—must be decided by this court.

In *Stone v. Williams,* 766 F.Supp. 158 (S.D.N.Y.1991), the District Court for the Southern District of New York refused to give preclusive effect to a prior state court decision when the plaintiff in the federal action attempted to use the prior judgment against a defendant who was not a party to the state proceedings. *Stone,* 766 F.Supp. at 162–63. Citing *Haring v. Prosise,* 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), the court determined that because the defendant had not been given a full and fair opportunity to litigate the issue, it would be inappropriate to give preclusive effect to the state court judgment. *Id.* Further, in *Lambert v. Allen,* 146 Ga.App. 617, 247 S.E.2d 200 (1978), the Georgia Court of Appeals held that the party ultimately responsible for any judgment in a wrongful death action has a right to a determination of the proper party plaintiff in a forum in which all parties, including the person ultimately responsible for any judgment, are present. *Lambert,* 146 Ga.App. at 618, 247 S.E.2d at 202. It is clear, therefore, that under the unique circumstances of this case, the proper determination of who is the real party in interest depends on the presence of all possible parties to the action, including the party who may ultimately be responsible for a judgment. This court, having all parties before it, will ultimately decide who is the proper party plaintiff in this action, notwithstanding the result of any state proceeding. Accordingly, plaintiffs' request that this court enjoin the South Carolina probate proceeding is **DENIED.**

**SO ORDERED.**

---

**1.** In his answer, Hargett raised a defense of lack of personal jurisdiction. Although the briefs submitted to the court deal with jurisdictional issues in the context of the Anti-injunction Act and the

Declaratory Judgment Act, defendant Hargett has yet to move this court to dismiss Hargett as a party for lack of personal jurisdiction.