Hazel A. PARMER, Plaintiff-Appellant,

v.

The NATIONAL CASH REGISTER COM-
PANY et al., Defendants-Appellees.

No. 74–1131.

United States Court of Appeals,
Sixth Circuit.

Argued June 10, 1974.

Decided Sept. 20, 1974.

Milton A. Hayman, Steubenville, Ohio, for plaintiff-appellant.

N. Victor Goodman, Columbus, Ohio, for International Brotherhood of Electrical Workers; Topper, Alloway, Goodman, DeLeone & Duffey, Columbus, Ohio, on brief.

J. Mack Swigert, Cincinnati, Ohio, for National Cash Register Co.; Taft, Stettinius & Hollister, William K. Engeman, Lawrence J. Barty, Cincinnati, Ohio, Robert E. Signom, Dayton, Ohio, of counsel.

Donald G. Logsdon, Charleston, W. Va., for Local 1854, International Brotherhood of Electrical Workers; Stanley M. Hostler, Hostler, Logsdon, Shinaberry & McHugh, Charleston, W. Va., on brief.

Before EDWARDS, McCREE and ENGEL, Circuit Judges.

PER CURIAM.

We consider an appeal from a judgment entered upon dismissal of plaintiff-appellant's suit brought under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), and Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g), against National Cash Register Company (NCR), International Brotherhood of Electrical Workers, and Local 1854, International Brotherhood of Electrical Workers. Hazel Parmer alleged in her complaint that she was employed by NCR for more than three years until her discharge on August 19, 1969. During that period, she was a member in good standing of Local 1854. On that date, appellant was ordered to work in a lower job classification to fill in for absent employees whose production duties were deemed essential.[1] She refused, claiming that only women were ordered to work temporarily in these lower job classifications, while men with less seniority were never requested to perform similar duties. She was then discharged, pursuant to the collective bargaining agreement, for insubordination. The Local processed her grievance to a step short of arbitration and carried it no further for want of merit. Appellant alleged that, because of her sex, she was discriminatorily harassed and ultimately discharged by the company in violation of her rights, and that the local and international unions, by failing to properly process her grievance, breached their duty of fair representation.

On appeal, Parmer presents five issues in which she claims error on the part of the district court. First, she contends that she proved by a preponderance of the evidence that the International and Local jointly violated their duty of fair representation in processing the grievance relating to her discharge and that the court erred in not so finding; second, that the preponderance of evidence affirmatively established, contrary to the court's determination, that she was discharged for discrimination because of sex within the meaning of 42 U.S.C. § 2000e–5(g); third, that the court should have held that the evidence clearly established that appellees had collectively violated Title VII of the Civil Rights Act of 1964; fourth, that the court erred in not granting her costs and attorney's fees for pursuing her cause of action pursuant to 42 U.S.C. § 2000e–5(k); and, fifth, that the court erred in not permitting all issues against all defendants, as stipulated by the parties, to be presented at the same time for its full consideration.

Rule 52(a) of the Federal Rules of Civil Procedure provides that

---

1. There was a general practice of making temporary job assignments of this nature from appellant's job classification, mechanical line inspector, which was an experimental classification that was being phased out in the ongoing collective bargaining negotiations.

"[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witness." This means that a determination of fact will not be overturned unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake was committed," United States v. U. S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); Ash v. Hobart Mfg. Co., 483 F.2d 289 (6th Cir. 1973), viewing the evidence in the light most favorable to the prevailing party, Nathan Const. Co. v. Fenestra, Inc., 409 F.2d 134, 137–138 (8th Cir. 1969), *see* Strickler v. Pfister Associated Growers, Inc., 319 F.2d 788, 790 (6th Cir. 1963). The trial court found that appellant failed to establish her case by a preponderance of the evidence. Although the evidence in this case would permit the inferences that appellant was discharged because of sex, and that the Local and International breached their duty of fair representation, we cannot conclude that the lower court was clearly erroneous in its findings. Also appellant's fourth assignment is unavailing since, by virtue of the language of Section 2000e–5(k), costs and attorney's fees are awarded only to the prevailing party.

The final assignment of error is that, since the claims against both the company and the unions, and the evidence relating to them, were so closely interrelated, failure to consider them at the same time was reversible error. The decision to sever issues is left to the sound discretion of the trial court and its determination should only be reversed for abuse of that discretion, Crummett v. Corbin, 475 F.2d 816, 817 (6th Cir. 1973). Here appellant has failed to show how she was prejudiced by any severance of the issues, and since she failed to object to the procedures of which she complains, we find no error in this respect.

Affirmed.