822 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FEDERAL DEPOSIT INSURANCE CORPORATION and United States
Gypsum Company, Plaintiff-Appellees,
v.
Jimmy Stuart MORRIS, Defendant-Appellant.
 No. 86-5681
 United States Court of Appeals, Sixth Circuit.
 July 9, 1987.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Morris appeals the district court's order affirming the bankruptcy court's denial of his discharge in bankruptcy. The bankruptcy court found that Morris had concealed property belonging to his wholly owned corporation. Leisure, Inc., after Leisure, Inc. had filed a Chapter 11 petition in bankruptcy. The sole issue to be decided is whether the bankruptcy court's finding that Morris concealed Leisure, Inc.'s property with intent to hinder, delay or defraud creditors in violation of 11 U.S.C. Sec. 727(a)(2), is clearly erroneous. We think it is not, and affirm.
 
 
 2
 This case involves two loans and two bankruptcy petitions. Morris operated a bowling alley called Leisure Lanes owned by Leisure, Inc. The loans were obtained by Morris to pay the corporation's debts. A special, restricted account was established at First Tennessee Bank in which monies taken from the Leisure Lanes' vending and video game machines were deposited to pay the loan obligations. Payments on both loans were made directly by the bank to the creditors. Morris did not have access to the account, but he was personally liable on the loans and occasionally augmented the special account with personal funds.
 
 
 3
 On July 1, 1983, when Leisure, Inc. filed its Chapter 11 petition, both loans were outstanding. However, due to what Morris calls 'oversight', neither loan was reported and the creditors were not listed in the petition. As a result, monies continued to be taken from the machines and applied to reduce Morris' indebtedness on the two loans.
 
 
 4
 On January 27, 1984, the Chapter 11 petition was converted to Chapter 7 and on February 22, 1984, Morris and his wife filed a joint Chapter 7 personal bankruptcy action. When the concealment of Leisure's arrangements for repayment of the loss became known to the appellees, they filed an adversary proceeding complaint seeking denial of Morris' discharge in bankruptcy since Leisure, Inc. was an 'insider' of Morris' as defined in 11 U.S.C. Sec. 101(28). Finding Morris' explanation for the 'oversight' not credible, the bankruptcy court denied the discharge.
 
 
 5
 Initially, Morris contends that because his creditors were not harmed by the concealment, Sec. 727(a)(2) was not violated. We reject this contention. Section 727(a)(2) provides:
 
 
 6
 '(a) The Court shall grant the debtor a discharge, unless--
 
 
 7
 .............................................................
 
 
 8
 ...................
 
 
 9
 * * *
 
 
 10
 '(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has concealed, or has permitted to be concealed--
 
 
 11
 (A) property of the debtor, within one year before the date of the filing of the petition; or
 
 
 12
 (B) property of the estate, after the date of the filing of the petition;'
 
 
 13
 This section is designed to prevent intentional concealment. The fact that the creditors suffered no harm is irrelevant. Accord First Beverly Bank v. Adeeb (In re Adeeb), 787 F.2d 1339, 1343 (9th Cir. 1986).
 
 
 14
 In the alternative, Morris argues that the bankruptcy court's finding that he concealed Leisure's property with intent to hinder or delay creditors is clearly erroneous because he had no control over the account and because he did not benefit from the concealment. 'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); Parmer v. National Cash Register Co., 503 F.2d 275, 276-277 (6th Cir. 1974).
 
 
 15
 Because the monies were deposited into the special account for Morris' personal benefit, his lack of control over the account is irrelevant. Moreover, since Morris was personally liable on both loans, as long as the loans and the repayment scheme remained unreported after Leisure filed its petition, the monies continued to be taken to reduce Morris' personal indebtedness. Therefore, he had a great deal to gain. Of course, once the petition was converted to Chapter 7 relief, Morris was seeking a discharge of both his corporate and personal obligations. Nevertheless, the fact that a debtor no longer derives a benefit from concealing monies, does not negate his intent and actual concealment of those monies at a time when he clearly stood to benefit by reducing his own indebtedness.
 
 
 16
 We agree with the bankruptcy judge's determination that it is 'highly improbable' that Morris simply forgot to report the two loans, especially when the second loan was obtained only ten weeks before Leisure's bankruptcy petition was filed. Also, the petition was filed in the summer when vending revenues were generally insufficient to cover Morris' loan obligations, thus requiring that he expend personal funds. We are satisfied that the bankruptcy court did not err.
 
 
 17
 The district court's order affirming the bankruptcy court's denial of discharge is AFFIRMED.