NYLOK FASTENER
CORPORATION, Plaintiff,

v.

INDUSTRIAL NUT
CORPORATION, Defendant.

No. C 87–7283.

United States District Court,
N.D. Ohio, W.D.

April 20, 1988.

Gerald Kowalski, Toledo, Ohio, for plaintiff.

William Kolis, Lorain, Ohio, for defendant.

## MEMORANDUM AND ORDER

JOHN W. POTTER, District Judge.

This cause is before the Court on defendant's combined motion to bifurcate and for protective order, plaintiff's opposition, and defendant's reply. Defendant seeks an order for separate trials on the issues of liability and damages and for a protective order that discovery not be had on the issue of damages until after liability has been determined. Defendant asserts that granting its motion will result in convenience to the parties, avoid prejudice to defendant and expedite resolution of this action. Plaintiff opposes defendant's motion on all grounds.

Regarding convenience to the parties, plaintiff denies that it would be convenient to proceed as requested by defendant. Without some consensus between the parties, it does not appear that the interests of convenience are met and defendant's motion is not well taken on this ground. Furthermore, even if the parties were in agreement, convenience alone is not such a compelling ground as would require the Court to grant bifurcation without consideration of other factors. Regarding expedition of litigation, defendant asserts that bifurcation will reduce the time and cost of litigation. Granting defendant's motion would require the Court to conduct two full jury trials, each with its attendant periods for discovery, motion practice, pre-trial conferences and docketing considerations. Bifur-

cation of this action for trial in and of itself will neither expedite the ultimate resolution nor reduce costs, but must be considered relative to other factors. Regarding the issue of prejudice to defendant, the Court will consider whether such undue prejudice exists as would justify any inconvenience to the plaintiff and the increased time and cost involved in a bifurcated proceeding.

The decision to sever issues for separate trials is within the sound discretion of the trial court. *Parmer v. National Cash Register Co.*, 503 F.2d 275, 277 (6th Cir.1974); *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 216 (6th Cir.1982). "As the Rule [Fed.R.Civ.P. 42(b) ] indicates, and as our circuit has recognized, the court in ordering separate trials must consider several issues such as potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *Id.*

The potential prejudice to the plaintiff "is a danger that bifurcation may deprive plaintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action they have brought into the court...." *Id.* at 217. Also, plaintiff represents that certain matters of proof of liability are intertwined with proof of damages under plaintiff's theory of recovery, to the extent that plaintiff will suffer prejudice if this action is bifurcated and the protective order granted. In considering the relative prejudice plaintiff or defendant may suffer if defendant's motion for separate trials is denied, the Court notes that it is defendant who requested a trial by jury.

Defendant asserts concern that the jury may become confused by complicated evidentiary and legal issues, and that damages will take up an inordinate amount of trial time. These arguments are not well taken in this case. This trademark infringement action is between two parties and involves the well-defined question whether likelihood of confusion exists between two products. These issues are routinely submitted to juries, who customarily consider damages in the same proceeding. Plaintiff asserts that presentation of its

evidence as to damages will not unduly extend the trial of this matter and will be intertwined with evidence presented on the issue of liability. This action being relatively uncomplicated as trademark cases go, defendant's motion is not well taken on this ground. Furthermore, defendant having demanded that trial be to a jury, should not be heard to complain that it will be prejudiced thereby.

In the final analysis, the Court cannot determine that either the interests of justice or economy will be served by bifurcation of this action for separate trial on the issues of liability and damages, thus, the motion for separate trials is not well taken.

Defendant's motion for protective order, being predicated on separate determination of liability and damages, is not well taken on that ground. Additionally, defendant asserts that it may be harmed by release of trade secrets through discovery. Defendant's bare assertion that plaintiff may misuse certain information sought is unpersuasive. It also appears that matters sought in discovery are intertwined as to liability and damage issues, requiring that plaintiff have access to the requested information.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant's combined motion to bifurcate and for protective order be, and hereby is, DENIED.