961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William D. CRUTCHER, Plaintiff,
Marion L. Madry, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY, Defendant,
Kentucky Cabinet for Human Resources; H. David Owens,
Defendants-Appellees.
 No. 91-5893.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1992.
 
 Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Marion L. Madry appeals the district court's grant of summary judgment in favor of H. David Owens in this action for racial discrimination in job promotion and classifications. The principal issues presented for review are: (1) whether the district court erred in granting the motion of defendants for a new trial; (2) whether the district court properly granted summary judgment in favor of defendant Owens on the basis of qualified immunity; (3) whether the district court erred in applying the decision of the Supreme Court in Patterson v. McLean Credit Union, 491 U.S. 164 (1989), retroactively to this case; and (4) whether the district court properly dismissed plaintiff's Title VII claim against defendant Owens. For the reasons that follow, we reverse the district court's grant of new trial as to plaintiff Madry and remand.
 
 I.
 A.
 
 2
 Plaintiff Madry is a black female employed by the Department of Employment Services of the Kentucky Cabinet for Human Resources (Cabinet). She was first employed by the Cabinet in October 1970 as a clerk-typist in the Frankfort, Kentucky office. In 1973, she voluntarily transferred to the Cabinet's Lexington office. At the time of trial, plaintiff held a position as a Senior Employment Interviewer in the Lexington office.
 
 
 3
 William D. Crutcher is a black male employed by the Cabinet as a Veterans Job Developer. He was hired by the Cabinet on April 1, 1968, as a counselor-trainee. At the time of trial, Crutcher was classified as a Senior Employment Counselor.
 
 
 4
 Defendant Owens has been employed by the Cabinet since 1962. He was employed in the Cabinet's Louisville office prior to 1977. On July 1, 1977, Owens became the District Program Manager for the Cabinet's Lexington office. In that capacity, Owens was not the direct supervisor of either Crutcher or Madry.
 
 
 5
 Plaintiff Madry filed a charge of racial discrimination with the Kentucky State Employment office on May 11, 1977. Owens was not named in plaintiff's charge. In September 1977, plaintiff amended her charge to correctly reflect the name of the Cabinet; however, Owens was still not named in the charge.
 
 
 6
 Madry's claims of racial discrimination are based upon her contention that she was not promoted or reclassified because of her race. She claimed that until sometime in 1980, Owens and the Cabinet did not post notices of job vacancies. Madry did not, however, establish that Owens was responsible for the Cabinet's policy regarding job vacancies.
 
 B.
 
 7
 On June 10, 1980, Madry and Crutcher filed an action against the Cabinet, Owens, and other defendants alleging racial discrimination in violation of Title VI, 42 U.S.C. § 2000d, and Title VII, 42 U.S.C. § 2000e, of the Civil Rights Act of 1964 and of the Thirteenth and Fourteenth Amendments pursuant to 42 U.S.C. §§ 1981 and 1983. This action was initially brought as a class action, but the class claims were dismissed on March 26, 1982.
 
 
 8
 This case was originally tried before a jury on January 8 through January 15, 1987. Prior to trial, the district court dismissed all the Title VII claims against all defendants except the Cabinet and Owens; however, the district court denied defendants' motions to dismiss plaintiffs' section 1981 and 1983 claims.
 
 
 9
 At trial, following the conclusion of plaintiffs' case-in-chief, the district court partially granted defendants' motion for directed verdict and dismissed all claims asserted under Title VI and all claims under sections 1981 and 1983 as to all defendants except Owens. Plaintiffs did not object to the dismissal of the claims under sections 1981 and 1983.
 
 
 10
 Thereafter, the issues of liability and damages were bifurcated. The jury returned a verdict finding Owens liable on plaintiffs' claims and also found the Cabinet liable on Crutcher's Title VII claim, but not on Madry's. Thereafter, following the proof presented on damages, the jury awarded Crutcher $100,000 for emotional stress and humiliation, $10,000 for back pay, and $135,000 in punitive damages. Madry was awarded $6,230 for emotional stress and $67,500 in punitive damages.
 
 
 11
 Owens and the Cabinet moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. On August 26, 1987, the district court granted the motion for a new trial, concluding that Owens and the Cabinet were prejudiced by joinder of the plaintiffs' dissimilar claims. The district court further held that defendants had been unfairly prejudiced by their inability to present evidence regarding Crutcher's criminal charges due to the court's ruling. The district court ordered that Madry's and Crutcher's causes of action be severed for purposes of a new trial. In addition, the Court dismissed Madry's Title VII claims against Owens and the Cabinet and ruled that Madry's only viable cause of action against Owens was for racial discrimination concerning "failure to promote" under 42 U.S.C. §§ 1981 and 1983.
 
 
 12
 Subsequently, Owens moved for summary judgment in his favor on the merits and on his claim that he was entitled to qualified immunity with respect to Madry's claims. Owens also moved for partial summary judgment with respect to Crutcher's claims under sections 1981 and 1983. The district court denied both motions stating that genuine issues of fact remained for trial.
 
 
 13
 Owens then filed a timely appeal to this court concerning the denial of his claim that he was entitled to qualified immunity with respect to Crutcher's claims. In August 1989, this court vacated the district court's ruling on the qualified immunity issue. See Crutcher v. Commonwealth of Kentucky, 883 F.2d 502 (6th Cir.1989). This court specifically directed the district court to consider Owens' qualified immunity claim in light of three Supreme Court decisions: Will v. Michigan Dep't of State Police, 491 U.S. 58 (1980), Patterson v. McLean Credit Union, 491 U.S. 164 (1989), and Jett v. Dallas Independent School Dist., 491 U.S. 701 (1989).
 
 
 14
 On remand, the district court entered an order directing plaintiffs to show cause why their claims under section 1983 should not be dismissed pursuant to this court's decision in Cowan v. University of Louisville School of Medicine, 900 F.2d 936 (6th Cir.1990). After consideration of plaintiffs' response, the district court granted Owens' motion for summary judgment with respect to Madry's claims and partial summary judgment with respect to Crutcher's claims.
 
 
 15
 Madry and Crutcher subsequently filed a notice of appeal to this court, which dismissed the appeal for lack of jurisdiction on the ground that the district court's order was not a final and appealable order because Crutcher's Title VII claims were still pending in the district court. Thereafter, the district court granted Madry's motion to finalize the April 2, 1991, order with respect to Madry. This timely appeal followed.
 
 II.
 A.
 
 16
 Plaintiff Madry argues that the district court abused its discretion in granting defendants' motion for a new trial. Federal Rule of Civil Procedure 59(a) provides that a new trial may be granted to one of the parties "in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." A district court's decision to grant or deny a new trial is not disturbed absent an abuse of discretion. Moody v. Pepsi-Cola Metro. Bottling Co., Inc., 915 F.2d 201, 211 (6th Cir.1990); D.R.C.D.T., Inc. v. Integrity Ins. Co., 816 F.2d 273, 276 (6th Cir.1987). The abuse of discretion standard is met where the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment. Balani v. Immigration and Naturalization Service, 669 F.2d 1157 (6th Cir.1982).
 
 B.
 
 17
 Plaintiff first argues that the district court erred in granting a new trial on the ground that the Cabinet and Owens were prejudiced by the joinder of both plaintiffs in the same action. The district court in its order granting a new trial stated that the defendants were prejudiced by a combination of claims involving two different situations of non-promotion. According to the district court, this created a snowball effect that was prejudicial to the defendants because it produced a jury award which resulted from an avalanche of passion and prejudice.
 
 
 18
 However, defendants were not prejudiced by the joinder of plaintiffs' causes of action into a single case. Federal Rule of Civil Procedure 20(a) permits, in pertinent part, the joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact. Under the Federal Rules of Civil Procedure, particularly Rules 2, 18-20, and 42, joinder of claims, parties, and remedies is strongly encouraged because the impulse of the Rules is toward entertaining the broadest possible scope of action consistent with fairness to the parties. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966).
 
 
 19
 Permissive joinder is applicable where: (1) a right to relief is asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties arises in the action. See Mosely v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974).
 
 
 20
 In Mosely the Eighth Circuit found that the district court abused its discretion in severing the joint action. The ten black plaintiffs in Mosely brought an action individually and as class representatives alleging that their rights were denied by General Motors and their union by racial discrimination in employment practices. The Eighth Circuit found that although each of the individual plaintiffs might have suffered different effects from the racially discriminatory employment practices, the discriminatory conduct was basic to all of them. Id. at 1333-1334.
 
 
 21
 In this case, although not all Crutcher's and Madry's claims were identical and although they suffered different effects from defendants' discriminatory actions, there are common threads to their claims. Both Crutcher and Madry alleged that they were denied promotional opportunities because of their race, that both were employed in the Cabinet's Lexington office, and both alleged that Owens told them that there were no job openings when in fact whites were being recruited for positions. Thus, as in Mosely, joinder of Madry and Crutcher was permissible because both alleged specific discriminatory acts by defendant Owens.
 
 
 22
 Furthermore, as acknowledged by the district court, defendants could have but did not move for severance of Madry's and Crutcher's claims after dismissal of the class claims.[1] It is well established that no error exists in the district court's consolidation of claims for trial, particularly in the absence of an objection to such consolidation or of any motion for severance. See Jackson v. Shell Oil Co., 401 F.2d 639, 644 (6th Cir.1968).
 
 
 23
 Finally, defendant Owens argues that the district court's decision to grant a new trial should not be reversed because the district court concluded that Owens was prejudiced by joinder of Crutcher's and Madry's claims and granted severance. Defendant correctly notes that the decision to sever trial of different issues is left to the sound discretion of the trial court and that determination is only reversed for an abuse of discretion. See Parmer v. National Cash Register Co., 503 F.2d 275, 277 (6th Cir.1974) (per curiam). However, defendant's argument ignores the obvious fact that the district court did not grant a severance of the case prior to trial and the jury's verdict. Rather, the district court only granted severance after it granted the motion for a new trial. Therefore, it appears that neither the district court nor defendant Owens believed that defendants were prejudiced by the joinder of Madry's and Crutcher's claims until the jury's verdicts were returned.
 
 
 24
 Thus, plaintiff Madry's argument in this regard is correct. The district court's finding that defendants were prejudiced by the joinder of Madry's and Crutcher's claims is unsubstantiated by the record. Accordingly, the district court's grant of a new trial cannot be based on the ground of prejudicial joinder.
 
 C.
 
 25
 Plaintiff Madry also argues that the district court erred in granting defendants a new trial because the district court had erroneously excluded evidence of plaintiff Crutcher's criminal charges which, according to the district court, "involved inappropriate conduct with females." J.A. 77. Apparently, these charges resulted in convictions in 1983. Defendants sought to introduce evidence of these charges on the theory that their knowledge of Crutcher's convictions, together with complaints they had received about his suggestive interviewing techniques with females, provided a non-discriminatory reason for their failure to promote him. Whether that would be the case or not, it is obvious that the admission of this evidence against Crutcher could have no effect on plaintiff Madry's case against the defendants. Accordingly, error, if any, by the district court in excluding evidence of criminal charges against Crutcher furnishes no grounds for granting a new trial to defendants in plaintiff Madry's case.
 
 D.
 
 26
 The district court assigned one other reason for granting a new trial in this case. In closing argument to the jury, Madry's attorney stated:
 
 
 27
 In conclusion, let me talk about punitive damages with respect to Marion Madry. You have to consider--and, I guarantee you, whatever the award will be, will be taken out of the State--with respect to Marion Madry, the actions committed against her by David Owens, we talked about humiliation; what's it worth, from July 1st of 1977 to the end of 1986?
 
 
 28
 J.A. 258. Neither defendant objected to this argument.
 
 
 29
 As a general matter,
 
 
 30
 A principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result.
 
 
 31
 11 C. Wright & A. Miller, Federal Practice and Procedure § 2805, at 39 (1973).
 
 
 32
 In Nissho-Iwai Co. v. Occidental Crude Sales, Inc., 848 F.2d 613, 619 (5th Cir.1988), the Fifth Circuit reversed the district court's grant of a new trial to plaintiff because, although it agreed with the district court that defense counsel's argument exceeded proper bounds, plaintiff had failed to object to the argument at the time. Similarly, in Computer Systems Engineering, Inc. v. Qantel Corp., 740 F.2d 59, 69 (1st Cir.1984), the First Circuit found that "portions of the argument were improper and had a 'significant potential for prejudice.' " No objection to the argument had been made, either at the time of the argument or during the conference following argument, and the court held that defendant's "failure to object to the argument at trial or to move for a mistrial [barred] it from urging the improper argument as grounds for a new trial after the jury had returned its verdict." Id.
 
 
 33
 One reason defendants may not have objected to plaintiff's argument in this case is that they wanted the jury to be left with the impression that a verdict for plaintiffs would result in the depletion of public funds. Prior to plaintiff's closing argument, defendants' attorneys had argued as follows:
 
 
 34
 The State doesn't print money. The State gets its money from you, the taxpayers.
 
 
 35
 And what will happen if a substantial damage award is made in this case is that those tax dollars will be taken out of the State Treasury and away from programs, away from protecting children, away from welfare programs, away from education programs, away from employment placement programs, and they will be given to Ms. Madry and Mr. Crutcher. Those are your tax dollars; and I think that it's worthwhile to think about that in deciding just how badly these people have been damaged, assuming that they have been damaged at all.
 
 
 36
 J.A. 254. Because this argument does not distinguish between compensatory and punitive damages, it arguably opened the door and invited plaintiff Madry's attorney to respond in his closing argument.
 
 
 37
 Whatever the reason for defendants' failure to object, the cases are clear that, absent a direct threat to the fundamental integrity of the trial, unchallenged argument by counsel does not normally provide grounds for a new trial. In view of defendants' invitation to this kind of argument, and considering their failure to object to plaintiff's argument, there is no danger of a miscarriage of justice in this case if a new trial is not granted. Accordingly, the district court erred in granting defendants a new trial because of plaintiff's closing argument in this case.
 
 
 38
 Thus, for the reasons stated, the district court abused its discretion in granting a new trial as to plaintiff Madry. However, we express no opinion as to whether a new trial was improperly granted as to plaintiff Crutcher, as he is not a party to this appeal.
 
 
 39
 Finally, because we conclude that the district court abused its discretion in erroneously granting a new trial as to plaintiff Madry, we need not reach the other issues raised in this appeal.
 
 III.
 
 40
 For the foregoing reasons, the order of the district court granting a new trial as to plaintiff Madry is REVERSED, and this case is REMANDED for reinstatement of the jury verdict in favor of plaintiff Madry.
 
 
 
 [1]
 At oral argument, counsel conceded that defendants did not move for severance of the plaintiffs' claims at any time before or during trial and that they made no mention of severance in their motion for a new trial