Richard STEGMAN, et al., Plaintiffs,

v.

HORTON HOMES, INC., et al., Defendants.

Civ. A. No. 93–413–1–MAC (WDO).

United States District Court, M.D. Georgia, Macon Division.

March 4, 1994.

Benjamin M. Garland, F. Kennedy Hall, John Steven Stewart, Macon, GA, for Richard Stegman and Lorraine G. Stegman.

Robert A.B. Reichert, John P. Cole, Macon, GA, for Horton Homes, Inc., Tracy R. Williams, and James Grable.

Hubert C. Lovein, Jr., William T. Prescott, Macon, GA, for Edward R. Hargett, Jr.

## ORDER

OWENS, Chief Judge.

Before the court is defendant Edward R. Hargett, Jr.'s motion to dismiss Count II of the complaint. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

The following is a summary of the factual and procedural posture of this case to date:

On November 22, 1993, Dixie Louise Stegman died as a result of a collision with a vehicle operated by an employee of Horton Homes, Inc. The collision occurred just south of Greensboro, Georgia. On December 8, 1993, Richard and Lorraine Stegman, the parents of Dixie Louise Stegman, filed a wrongful death action against defendant Horton Homes, Inc., Tracy Williams, and James

Grable in the United States District Court for the Middle District of Georgia.[1]

In addition to their wrongful death claim, plaintiffs also filed a complaint for declaratory and injunctive relief against Edward R. Hargett, Jr., a resident of South Carolina.[2] Defendant Hargett claims to be the common law husband of the deceased. Plaintiffs deny that Hargett is the common law husband of their daughter. Official Code of Georgia Annotated section 51–4–2 provides that "[t]he surviving spouse ... may recover for the homicide of the spouse ... the full value of the life the decedent, as shown by the evidence." O.C.G.A. § 51–4–2. However, "[i]f the deceased child does not leave a spouse or child, the right of recovery shall be in the ... parents...." O.C.G.A. § 19–7–1. Accordingly, plaintiffs seek a declaration that defendant Hargett is not the common law husband of the deceased. Plaintiffs also requested that the court enjoin a South Carolina probate proceeding instituted by defendant Hargett.

On December 9, 1993, defendant Hargett filed an application to be appointed permanent representative of the deceased's estate in the Probate Court of Bibb County, Georgia. On December 10, 1993, defendant Hargett was served with a copy of the summons and complaint in the case *sub judice* while in Macon, Georgia.

On January 24, 1994, defendant Hargett filed a motion to dismiss Count II of plaintiffs' complaint.

On January 28, 1994, this court denied plaintiffs' request to enjoin the South Carolina proceeding, 843 F.Supp. 707. However, the court noted that "the question as to who is the proper party to bring a particular claim—that is, who is the real party in interest—must be decided by this court."

On February 2, 1994, in response to a letter from plaintiffs' counsel, the court indicated that "[i]mplicit in the court's order of [January 28, 1994] is a denial of the defendant Hargett's motion to dismiss Count II."

On February 23, 1993, defendant Hargett submitted a motion for a specific ruling and order. On March 1, 1994, defendant Hargett submitted an amended motion to dismiss Count II in which he asserted that the court lacked subject matter jurisdiction over plaintiffs' request for declaratory and injunctive relief, and that the court lacked personal jurisdiction over defendant Hargett.

### DISCUSSION

Defendant Edward R. Hargett, Jr. has set forth six objections to Count II of plaintiffs' complaint. First, defendant contends the Anti–Injunction Act, 28 U.S.C. § 2283, prevents this court from issuing a declaratory judgment that would have the same effect as an injunction barred by the Act. Second, defendant asserts that the court should decline to exercise jurisdiction over Count II because the exact same issues of law are before the South Carolina Probate Court. Third, defendant contends that because the issues presented in Count II of the complaint are purely matters of probate law, the court must decline jurisdiction. Fourth, defendant asserts that this court lacks diversity jurisdiction over Count II of plaintiffs' complaint. Fifth, defendant asserts that this court may not conduct a separate trial on Count II of plaintiffs' complaint. Finally, defendant asserts that the court lacks personal jurisdiction over him. The court will address each contention in the following discussion.

### I. DOES THE ANTI–INJUNCTION ACT, 28 U.S.C. § 2283, PREVENT THIS COURT FROM ISSUING A DECLARATORY JUDGMENT?

On January 28, 1994, this court denied plaintiffs' request to enjoin the South Carolina probate proceeding. Therefore, only one issue remains insofar as plaintiffs' request for relief in Count II of the complaint is concerned. That is, who are the proper parties to bring a cause of action for the wrongful death of Dixie Louise Stegman? This is an issue of Georgia law properly before this court. This is not an issue of probate law, although factual issues inherent

---

1. The wrongful death action will be referred to as "Count I" of plaintiffs' complaint.

2. The declaratory judgment action will be referred to as "Count II" of plaintiffs' complaint.

in this determination may be similar or identical to those raised before the South Carolina probate proceeding. If this court were to embrace defendant's argument, this court would be barred from deciding who is the real party in interest to bring this cause of action. Rule 17(a) of the Federal Rules of Civil Procedure clearly envisions that it is the duty of this court to decide who is the real party in interest in a civil action. Whether this issue is raised in the context of a declaratory judgment action, or merely incidental to the proper disposition of Count I, this court would still have to decide who is the proper party to bring this cause of action.[3]

The purpose of the declaratory relief sought in Count II of the complaint is not to interfere with or disrupt any probate proceeding in any state, but merely to establish plaintiffs' rights as set forth under the substantive law of the State of Georgia. The only issue before this court in Count II of the complaint is who are the proper parties to bring the cause of action set forth in Count I. Although this determination may have an incidental effect on a probate proceeding in another state, it is an issue properly before this court. Accordingly, defendant's motion to dismiss is **DENIED.**

## II. SHOULD THE COURT DECLINE TO EXERCISE JURISDICTION OVER COUNT II BECAUSE THE EXACT SAME ISSUES OF LAW ARE BEFORE THE SOUTH CAROLINA PROBATE COURT?

■ Defendant asserts that "the precise state law issues Plaintiffs have asked this Court to decide are the subject matter of the proceedings in the Probate Court of Fairfield County, South Carolina and would be fully resolved in that forum." Defendant, however, is mistaken. The probate court in South Carolina will decide who are the heirs of Dixie Louise Stegman and who is the administrator of her estate. This is purely a matter of South Carolina probate law. This court will decide who holds the cause of

action for the wrongful death of Dixie Louise Stegman. This is purely a matter of Georgia tort law. As such, this court, sitting in diversity, is obligated to address an issue properly raised and properly before it. Accordingly, defendant's motion to dismiss is **DENIED.**

## III. SHOULD THE COURT DECLINE JURISDICTION BECAUSE THE ISSUES PRESENTED IN COUNT II OF THE COMPLAINT ARE PURELY MATTERS OF PROBATE LAW?

■ Rule 17(a) of the Federal Rules of Civil Procedure provides, in part: "Every action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.Pro. 17(a). "It is settled that in a diversity case we must look to the substantive rights afforded by state law in making the determination of whether the named party is a real party in interest." *Proctor v. Gissendaner*, 579 F.2d 876, 880 (5th Cir.1978).

Official Code of Georgia Annotated section 51–4–2 provides, in part: "The surviving spouse ... may recover for the homicide of the spouse ... the full value of the life of the decedent, as shown by the evidence." O.C.G.A. § 51–4–2. However, "[i]f the deceased [ ] does not leave a spouse or child, the right of recovery shall be in the parents or parents...." O.C.G.A. § 19–7–1.

Clearly, the determination of who is the proper party to bring the wrongful death action in Count I of the complaint will depend on the substantive law of the State of Georgia. As such, the issues raised in Count II of the complaint cannot be classified as matters of South Carolina probate law. Accordingly, defendant's motion to dismiss is DENIED.

## IV. DOES THIS COURT LACK DIVERSITY JURISDICTION OVER COUNT II OF PLAINTIFFS' COMPLAINT?

■ "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

---

**3.** Further, for all practical purposes, this court sits in diversity as a court of the State of Georgia. Defendant has not suggested to this court that a Superior Court of the State of Georgia would

decline to exercise jurisdiction over a similar question simply because a court of another state wishes to address the issue.

value of $50,000, exclusive of interest and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Defendant contends that although the parties to Count II are diverse, plaintiffs have not satisfied the amount in controversy requirement. "In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. That is, the amount in controversy 'is the value of the right to be protected....'" *Allstate Insurance Co. v. Hilbun,* 692 F.Supp. 698, 700 (S.D.Miss.1988). Clearly, the right to be protected in Count II is the cause of action set forth in Count I. If plaintiffs prevail on Count I, plaintiffs are likely to recover more than $50,000. In fact, plaintiffs request $4,000,000.00 in Count I of their complaint. Therefore, because the value of the right to be protected is more than $50,000.00, Count II satisfies the amount in controversy requirement of § 1332.

Further, plaintiffs have properly pleaded diversity jurisdiction. Paragraphs two and six of plaintiffs' complaint indicate that plaintiffs and defendant are diverse parties. Paragraph seven of plaintiffs' complaint states: "Subject matter jurisdiction is provided under 28 USC § 1332 since complete diversity of citizenship exists between plaintiffs and defendants and the amount in controversy exceeds $50,000, exclusive of interest and costs." (Compl. at ¶ 7.) Paragraph twenty-five of the complaint, the first paragraph under Count II, incorporates paragraphs one through twenty-four in Count II. Accordingly, defendant's motion to dismiss is **DENIED.**

## V. SHOULD THE COURT CONDUCT A SEPARATE TRIAL ON COUNT II OF PLAINTIFFS' COMPLAINT?

Rule 42(b) of the Federal Rules of Civil Procedure states:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed.R.Civ.Pro. 42(b). "The decision to sever issues for separate trials is within the sound discretion of the trial court." *Nylok Fastener Corp. v. Industrial Nut Corp.,* 122 F.R.D. 512, 513 (N.D.Ohio 1988). The parties have conducted extensive discovery on the issues raised in Count II of the complaint. Furthermore, the issues raised in Count II are ripe for decision and properly before the court. The speedy disposition of the issues raised in Count II will prevent unnecessary prejudice to all parties. Therefore, the court finds that the requirements of Rule 42(b) have been met. Defendant's motion to dismiss is **DENIED.**

## VI. DOES THE COURT LACK PERSONAL JURISDICTION OVER DEFENDANT HARGETT?

Defendant Hargett asserts in his motion to dismiss that this court lacks personal jurisdiction over him. In light of the fact that defendant has made an appearance in the Bibb County Probate Court, the court fails to understand the basis for defendant's objection. Further, this particular contention is unaccompanied by a statement of facts and a "memorandum of law citing supporting authorities." Mid.D.Ga.R. 3.1. As such, the court is unable to address defendant's objection at this time. Accordingly, defendant's motion to dismiss is **DENIED.**

### CONCLUSION

Defendant Edward R. Hargett, Jr.'s motion to dismiss Count II of plaintiffs' complaint is **DENIED.**

**SO ORDERED.**